SIMON J. FRANKEL (SBN 171552)
PATRICK R. CAREY (SBN 308623)
COVINGTON & BURLING LLP
Salesforce Tower
415 Mission Street, Suite 5400
San Francisco, CA 94105-2533
Telephone: + 1 (415) 591-6000
Facsimile: + 1 (415) 591-6091
Email: sfrankel@cov.com
Email: pcarey@cov.com

ERIC C. BOSSET (*pro hac vice*)
COVINGTON & BURLING LLP
One CityCenter, 850 10th Street NW
Washington, D.C. 20001
Telephone: +1 (202) 662-6000
Facsimile: +1 (202) 662-6291
Email: ebosset@cov.com

*Attorneys for Defendants*
*Yodlee, Inc. and Envestnet, Inc.*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBORAH WESCH, DARIUS CLARK, JOHN H. COTTRELL, WILLIAM B. COTTRELL, RYAN HAMRE, GREG HERTIK, DAISY HODSON, DAVID LUMB, KYLA ROLLIER and JENNY SZETO, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>YODLEE, INC., a Delaware corp., and ENVESTNET, INC., a Delaware corp.<br><br>Defendants. | Civil Case No.: 3:20-cv-05991-SK<br><br>**DEFENDANT ENVESTNET, INC.'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(2), OR, ALTERNATIVELY, RULE 12(b)(6)**<br><br>Hearing Date: February 1, 2021<br>Hearing Time: 9:30 a.m.<br><br>Honorable Sallie Kim |

# TABLE OF CONTENTS

Page

NOTICE OF MOTION AND MOTION TO DISMISS ...................................................................1

STATEMENT OF ISSUES TO BE DECIDED ........................................................................1

MEMORANDUM OF POINTS AND AUTHORITIES ............................................................2

I. INTRODUCTION AND SUMMARY OF ARGUMENT ...............................................2

II. ALLEGATIONS OF THE COMPLAINT AS TO ENVESTNET .................................3

III. ARGUMENT ....................................................................................................................4

    A. Envestnet Should Be Dismissed for Lack of Personal Jurisdiction. ...................4

        1. Legal Standard ..........................................................................................4

        2. Plaintiffs Cannot Establish General Jurisdiction Over Envestnet............4

        3. Plaintiffs Cannot Establish Specific Jurisdiction Over Envestnet. .........5

            a) There Are No Allegations of Purposeful Availment or Direction by Envestnet. ...............................................................................6

            b) There Are No Allegations that Plaintiffs' Claims Arise Out of or Relate to Forum-Related Activities By Envestnet. ..................................7

        4. Plaintiffs Cannot Impute Yodlee's Contacts to Establish Personal Jurisdiction Over Envestnet. ..................................................................8

    B. Even if Envestnet was Subject to Personal Jurisdiction, the Amended Complaint Fails to State any Claim against Envestnet. .......................................................8

        1. Plaintiffs Do Not Allege Any Actionable Conduct by Envestnet..........9

        2. The Amended Complaint Also Fails for the Reasons Provided in Yodlee's Separate Motion to Dismiss. ..................................................10

IV. CONCLUSION................................................................................................................10

---

DEFENDANT ENVESTNET, INC.'S MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(2), OR, ALTERNATIVELY, RULE 12(b)(6)
Case No.: 3:20-cv-05991-SK
i

# TABLE OF AUTHORITIES

CASES                                                                                                              Page(s)

*Ashcroft v. Iqbal*,
　556 U.S. 662 (2009) ............................................................................................................. 9

*Bell Atl. Corp. v. Twombly*,
　550 U.S. 544 (2007) ............................................................................................................. 9

*BNSF Ry. Co. v. Tyrrell*,
　137 S. Ct. 1549 (2017) ......................................................................................................... 5

*Boschetto v. Hansing*,
　539 F.3d 1011 (9th Cir. 2008) ............................................................................................. 4

*Boyer v. Becerra*,
　No. 17-cv-06063-YGR, 2018 WL 2041995 (N.D. Cal. Apr. 30, 2018) ............................... 9

*Brainerd v. Governors of the Univ. of Alta.*,
　873 F.2d 1257 (9th Cir. 1989) ............................................................................................. 4

*Bristol-Myers Squibb Co. v. Super. Ct. of Cal., San Francisco Cty.*,
　137 S. Ct. 1773 (2017) ..................................................................................................... 4, 7

*Cahen v. Toyota Motor Corp.*,
　147 F. Supp. 3d 955, 962 (N.D. Cal. 2015) ........................................................................ 7

*Calder v. Jones*,
　465 U.S. 783 (1984) ............................................................................................................. 4

*Daimler AG v. Bauman*,
　571 U.S. 117 (2014) .......................................................................................................... 5, 8

*Fagbohungbe v. Caltrans*,
　No. 13-cv-03801-WHO, 2014 WL 644008 (N.D. Cal. Feb. 19, 2014) ............................... 9

*Forsyth v. HP Inc.*,
　No. 5:16-cv-04775-EJD, 2020 WL 2524517 (N.D. Cal. May 18, 2020) .......................... 10

*Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements Ltd.*,
　328 F.3d 1122 (9th Cir. 2003) ............................................................................................. 8

*In re iPhone Application Litig.*,
　No. 11-MD-02250-LHK, 2011 WL 4403963 (N.D. Cal. Sept. 20, 2011) .......................... 9

*Morrison v. Ross Stores, Inc.*,
　No. 18-cv-02671-YGR, 2018 WL 5982006 (N.D. Cal. Nov. 14, 2018) ............................. 7

*Moss v. U.S. Secret Serv.*,
　572 F.3d 962 (9th Cir. 2009) ..................................................................................................9

*Panavision Int'l, L.P. v. Toeppen*,
　141 F.3d 1316 (9th Cir. 1998) ................................................................................................4

*Picot v. Weston*,
　780 F.3d 1206 (9th Cir. 2015) ................................................................................................7

*Ranza v. Nike, Inc.*,
　793 F.3d 1059 (9th Cir. 2015) ................................................................................................8

*Schwarzenegger v. Fred Martin Motor Co.*,
　374 F.3d 797 (9th Cir. 2004) ..........................................................................................4, 6, 7

*Sun Grp. U.S.A. Harmony City, Inc. v. CRRC Corp. Ltd.*,
　No. 17-cv-02191-SK, 2018 WL 10689420 (N.D. Cal. July 9, 2018) .....................................6

*Sun Microsystems Inc. v. Hynix Semiconductor Inc.*,
　622 F. Supp. 2d 890 (N.D. Cal. 2009) ..................................................................................10

*U.S. v. Bestfoods*,
　524 U.S. 51 (1998) ..................................................................................................................8

*Walden v. Fiore*,
　571 U.S. 277 (2014) ........................................................................................................6, 7, 8

**STATUTES**

18 U.S.C. § 2510(6) .......................................................................................................................4

**OTHER AUTHORITIES**

Federal Rule of Civil Procedure 12(b)(2) ......................................................................................1

Federal Rule of Civil Procedure 12(b)(6) ......................................................................................1

# NOTICE OF MOTION AND MOTION TO DISMISS

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on February 1, 2021, at 9:30 a.m., or as soon thereafter as available, in the courtroom of the Honorable Sallie Kim, located at 450 Golden Gate Avenue, Courtroom C, 15th Floor, San Francisco, California 94102, Defendant Envestnet, Inc. ("Envestnet"), will and hereby does move pursuant to Federal Rule of Civil Procedure 12(b)(2), or, alternatively, 12(b)(6) for an order dismissing with prejudice Plaintiffs' Amended Complaint (Dkt. No. 30) against Envestnet.

Envestnet's Motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities, the pleadings and papers on file in this action, any other such matters of which the Court may take judicial notice, and any other matter that the Court may properly consider.

# STATEMENT OF ISSUES TO BE DECIDED

1. Whether Plaintiffs' Amended Complaint should be dismissed as to Envestnet under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction.

2. Whether, in the event the Court determines it has personal jurisdiction over Envestnet, the Amended Complaint fails to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6) as to Envestnet.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.  INTRODUCTION AND SUMMARY OF ARGUMENT

Plaintiffs filed their putative class action against two separate companies, Envestnet, Inc. ("Envestnet") and Yodlee, Inc. ("Yodlee"), a subsidiary of Envestnet.  The Amended Complaint asserts, in conclusory fashion, a grab bag of privacy-related claims under federal and California law.  Apart from Envestnet's ownership of Yodlee, however, Plaintiffs allege no interactions with Envestnet, or conduct by Envestnet, that would support its inclusion in this lawsuit.  Status as Yodlee's parent, without more, fails to support the exercise of personal jurisdiction over Envestnet, much less the assertion of claims against it.  For these reasons, as explained further below, Envestnet should be dismissed from this litigation.

*First*, Envestnet, as alleged, is a Delaware corporation based in Illinois.  Thus, Envestnet is not subject to the general jurisdiction of this Court.  Moreover, the Amended Complaint pleads *no* facts connecting Plaintiffs' claims, this forum, and Envestnet.  The Supreme Court has emphasized that constitutional due process requires a defendant have sufficient contacts with the forum *and* that the plaintiff's underlying claim arise from those forum contacts.  Envestnet's ownership of Yodlee is insufficient grounds for exercising specific jurisdiction in this case.  Because the Amended Complaint fails to adequately plead personal jurisdiction, all claims against Envestnet should be dismissed.

*Second*, even if (and only if) Envestnet is subject to the Court's personal jurisdiction, the Amended Complaint lacks any well-pleaded allegations connecting Envestnet to Plaintiff's alleged harm.  Envestnet's status as Yodlee's parent, without more, fails as a matter of law to support the potential imposition of liability.  Plaintiffs' use of improper group pleading in the Amended Complaint is no substitute for identifying distinct and actionable conduct required to state any claims against Envestnet.

*Finally*, and again only if this Court exercises personal jurisdiction in the first instance, Envestnet incorporates and adopts all grounds and arguments for dismissal set forth in the separate motion to dismiss filed by Yodlee on this same date.

## II. ALLEGATIONS OF THE COMPLAINT AS TO ENVESTNET[1]

Envestnet is a Delaware corporation, with its principal place of business in Chicago, Illinois. Dkt. 30, Amended Complaint ("AC") ¶ 43. Yodlee is a Delaware corporation, with its principal place of business in Redwood City, California. *Id*. ¶ 42. Envestnet acquired Yodlee in 2015. *Id*. ¶ 49. The Amended Complaint contains no other allegations regarding interactions between Envestnet and Yodlee.

Furthermore, Plaintiffs allege they interacted with Yodlee, not Envestnet, and it is Yodlee that is specifically named in Plaintiffs' substantive allegations, as far as they go. The Summary of Allegations in the Amended Complaint refers to Yodlee over twenty times, but contains *zero* allegations concerning Envestnet. *See id*. ¶¶ 1-15. Plaintiffs allege that *Yodlee's* "business focuses on selling highly sensitive financial data" that "*Yodlee* surreptitiously collects" from consumers who interact with *Yodlee's* software. *Id*. ¶¶ 2-5 (emphases added). According to the Amended Complaint, Plaintiffs, at an undisclosed time and place, "connected their bank accounts to PayPal using a *Yodlee*-powered portal in order to facilitate transfers" among these accounts. *Id*. ¶ 12 (emphasis added). Plaintiffs allege they were "not given accurate information about what *Yodlee* does or how it [*Yodlee*] collects" their data. *Id*. ¶ 7 (emphases added). Plaintiffs further allege that "*Yodlee*, in fact, store[d] a copy . . . of [their] usernames and passwords" and "*Yodlee* then exploit[ed] this information." *Id*. ¶¶ 8-9 (emphases added).

This emphasis on Yodlee continues through the remainder of the Amended Complaint. Three of the four headings in the Factual Background are expressly directed at Yodlee: "I. The Founding of Yodlee"; "II. Yodlee Collects and Sells Individuals' Financial Data Without Their Consent"; "III. Yodlee's Failure to Disclose Violates Several Privacy Laws." And while the final section summarily refers to "Defendants" at times, the specific allegations again refer only to Yodlee. *See id*. ¶¶ 87-93.

In fact, of the 245 separately-numbered paragraphs in the Amended Complaint, the *only* direct references to Envestnet are the allegations that: (i) "[t]his Court has specific personal jurisdiction over Envestnet because it regularly conducts business in this District and a substantial portion of the events and conduct giving rise to Plaintiffs' claims occurred in this State" (*id*. ¶ 19), which is an unsupported

---

[1] Although well-pleaded allegations, if any, cannot be technically disputed on a motion to dismiss, Envestnet is not conceding any allegations in the Amended Complaint and considers Plaintiffs' claims to be baseless and without merit.

legal conclusion; (ii) "Defendant Envestnet, Inc. is a Delaware corporation, with principal executive offices located at 35 East Wacker Drive, Suite 2400, Chicago, Illinois 60601" (*id.* ¶ 43); (iii) "[i]n 2015, Yodlee was acquired by Envestnet" (*id.* ¶ 49); (iv) "The CCPA applies to Defendants Envestnet and Yodlee because they individually earn more than $25 million in annual gross revenue" (*id.* ¶ 73); (v) "In 2015, Envestnet announced an acquisition of Yodlee" (*id.* ¶ 98); (vi) "Yodlee and Envestnet, as corporations, are persons as defined under 18 U.S.C. § 2510(6)" (*id.* ¶ 161); and (vii) references to Envestnet in a letter that members of Congress sent to the Federal Trade Commission. (*id.* ¶¶ 119-23). That is all.

## III. ARGUMENT

### A. Envestnet Should Be Dismissed for Lack of Personal Jurisdiction.

#### 1. Legal Standard

Plaintiffs bear the burden of supporting the exercise of personal jurisdiction. *Boschetto v. Hansing*, 539 F.3d 1011, 1015 (9th Cir. 2008). "Where, as here, there is no applicable federal statute governing personal jurisdiction, the district court applies the law of the state in which the district court sits." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004) (citing Fed. R. Civ. P. 4(k)(1)(A)). "California's long-arm statute permits a court to exercise personal jurisdiction over a defendant to the extent permitted by the Due Process Clause of the Constitution." *Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316, 1320 (9th Cir. 1998) (citing Cal. Code Civ. P. § 410.10). Personal jurisdiction over each defendant must be assessed individually. *See Calder v. Jones*, 465 U.S. 783, 790 (1984); *Brainerd v. Governors of the Univ. of Alta.*, 873 F.2d 1257, 1258 (9th Cir. 1989). Jurisdiction can be general or specific. *Bristol-Myers Squibb Co. v. Super. Ct. of Cal., San Francisco Cty.*, 137 S. Ct. 1773, 1780 (2017).

#### 2. Plaintiffs Cannot Establish General Jurisdiction Over Envestnet.

In recent years, the Supreme Court has taken several opportunities to emphasize the limited circumstances under which general jurisdiction applies. For example, in *Daimler AG v. Bauman,* the Supreme Court rejected the notion as "unacceptably grasping" that general jurisdiction is appropriate wherever a corporation "engages in a substantial, continuous, and systematic course of business" and

held that "only when the corporation's affiliations with the State in which suit is brought are so constant and pervasive 'as to render [it] essentially at home in the forum State'" will general personal jurisdiction exist. *Daimler AG v. Bauman*, 571 U.S. 117, 119 (2014) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846, 2851 (2011)). The *Daimler* Court clarified that the "paradigm" forums for general jurisdiction are the corporation's (i) place of incorporation and (ii) principal place of business. *Id*. at 137.

Three years after the Supreme Court's holding in *Daimler*, the Court again emphasized the narrow circumstances under which general jurisdiction can attach: "BNSF, we repeat, is not incorporated [in Montana] and does not maintain its principal place of business [in Montana]. Nor is BNSF so heavily engaged in activity in Montana 'as to render [it] essentially at home' in that State." *BNSF Ry. Co. v. Tyrrell*, 137 S. Ct. 1549, 1559 (2017) (citing *Daimler*, 571 U.S. at 117).

Envestnet is neither incorporated nor has its principal place of business in California. *See* AC ¶ 43. Plaintiffs concede this Court does not have general jurisdiction, and their Amended Complaint instead asserts that "[t]his Court has specific personal jurisdiction over Envestnet." *Id*. ¶ 19. As explained below, this legal conclusion is unsupported and incorrect.

### 3. Plaintiffs Cannot Establish Specific Jurisdiction Over Envestnet.

The Amended Complaint fails to allege facts to support the Court's exercise of specific jurisdiction over Envestnet. The Ninth Circuit examines three factors to determine when a state has a sufficient interest in a lawsuit to justify the exercise of specific jurisdiction over a nonresident corporate defendant: (1) the defendant must have purposefully availed itself "of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;" (2) the cause of action must "arise[] out of or relate[] to the defendant's forum-related activities;" and (3) "the exercise of jurisdiction must comport with fair play and substantial justice, *i.e*., it must be reasonable." *Schwarzenegger*, 374 F.3d at 802. The plaintiff bears the burden on the first two prongs, and failure to establish either one requires dismissal for lack of personal jurisdiction. *Id*.

In addition, the Supreme Court has stated that the touchstone of the specific jurisdiction inquiry for a nonresident defendant is "the relationship among the defendant, the forum, and the litigation."

*Walden v. Fiore*, 571 U.S. 277, 284 (2014) (citation omitted). To satisfy due process, the defendant's "challenged conduct" must "connect" it to the forum "in a meaningful way." *Id.* at 290. That is, "the defendant's *suit-related conduct* must create *a substantial connection* with the forum State." *Id.* at 284 (emphases added).

The Amended Complaint's unsupported legal conclusion that Envestnet "regularly conducts business in this District and a substantial portion of the events and conduct giving rise to Plaintiffs' claims occurred in this State" is insufficient to meet their burden on either of the first two prongs under *Schwarzenegger*. AC ¶ 19. All but one of the Plaintiffs reside in states other than California, and none of them identify *any* interactions with Envestnet, let alone contacts in California from which their claims arise. *Id.* ¶¶ 22-41. The Amended Complaint alleges no facts to support the bald assertion that Envestnet "regularly conducts business" in California, nor do Plaintiffs identify what "events and conduct" of Envestnet in California gave rise to their claims. Accordingly, Plaintiffs have not adequately pleaded that Envestnet is subject to the specific jurisdiction of this Court.

### a) There Are No Allegations of Purposeful Availment or Direction by Envestnet.

As this Court has recognized, the first prong of the test can vary depending on whether the claim at issue sounds in contract or tort. In tort actions, "courts focus on whether a defendant purposefully directs his activities at the forum and on whether the effects of those activities are felt within the forum." *Sun Grp. U.S.A. Harmony City, Inc. v. CRRC Corp. Ltd.*, No. 17-cv-02191-SK, 2018 WL 10689420, at *6 (N.D. Cal. July 9, 2018) (finding plaintiff did not allege sufficient facts to establish specific jurisdiction). In contract actions, "courts look to whether a defendant purposefully avails itself of the privilege of conducting activities or consummates a transaction in the forum, focusing on activities such as delivering goods or executing a contract. *Id.* (citations and alterations omitted).

Here, even generously construed, there are no allegations in the Amended Complaint regarding any activities Envestnet directs at California or transactions consummated in California. Without such allegations, Plaintiffs cannot satisfy the first prong of the test, regardless of whether their causes of action sound in tort or contract.

### b) There Are No Allegations that Plaintiffs' Claims Arise Out of or Relate to Forum-Related Activities By Envestnet.

Plaintiffs also must demonstrate that their claims arise out of or relate to Envestnet contacts in California. *See Schwarzenegger*, 374 F.3d at 802. There must be "an adequate link" between the defendant's contacts with the forum and the claims at issue. *Bristol-Myers Squibb*, 137 S. Ct. at 1781. Contacts unrelated to Plaintiffs' alleged claims will not suffice for specific jurisdiction. *Id.* ("[E]ven regularly occurring sales of a product in a State do not justify the exercise of jurisdiction over a claim *unrelated* to those sales.") (emphasis added).

The Amended Complaint contains *no* allegations of any forum-related contacts by Envestnet, much less specific contacts giving rise to any of Plaintiffs' claims in this action. "What is needed—and what is missing here—is a connection between the forum and the *specific claims at issue*." *Id.* (citing *Goodyear*, 131 S. Ct. at 2846) (emphasis added). To find otherwise would depart from not only recent Supreme Court decisions, but also the weight of authority in this Circuit and District. *See*, *e.g.*, *Picot v. Weston*, 780 F.3d 1206, 1215 (9th Cir. 2015) (rejecting specific jurisdiction because the "effects of [the defendant's] actions" were "not connected to the forum State in a way that makes those effects a proper basis for jurisdiction"); *Morrison v. Ross Stores, Inc.*, No. 18-cv-02671-YGR, 2018 WL 5982006, at *4 (N.D. Cal. Nov. 14, 2018) ("Based upon *Bristol-Myers* and *Walden*, a plaintiff, as here, who is not a California resident, does not allege to have suffered harm in California, and does not allege any conduct by the defendant occurred in California, has not established specific personal jurisdiction as to her claims."); *Cahen v. Toyota Motor Corp.*, 147 F. Supp. 3d 955, 962 (N.D. Cal. 2015) (rejecting specific jurisdiction where claims of nonresident plaintiffs arose from allegedly defective vehicles that were purchased or leased outside of California).

The claim of Plaintiff Szeto, the only plaintiff alleging residence in California, fares no better. "[M]ere injury to a forum resident is not a sufficient connection to the forum" for specific jurisdiction, because it is not a connection the defendant itself has formed with the forum. *Walden*, 571 U.S. at 290.

Because the Amended Complaint does not allege any Envestnet contacts with California relating to Plaintiffs' claims, Plaintiffs have failed to satisfy the second prerequisite for exercising specific jurisdiction over Envestnet.[2]

### 4. Plaintiffs Cannot Impute Yodlee's Contacts to Establish Personal Jurisdiction Over Envestnet.

If Plaintiffs plan to argue that the presence of Yodlee, which is headquartered in California, is sufficient enough contact with the forum to support the exercise of specific jurisdiction over Envestnet, such an argument fails as matter of law. "It is a general principle of corporate law deeply 'ingrained in our economic and legal systems' that a parent corporation (so-called because of control through ownership of another corporation's stock) is not liable for the acts of its subsidiaries." *U.S. v. Bestfoods*, 524 U.S. 51, 61 (1998). This same principle applies when examining personal jurisdiction, as "[i]t is well-established that a parent-subsidiary relationship alone is insufficient to attribute the contacts of the subsidiary to the parent for jurisdictional purposes." *Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1134 (9th Cir. 2003); *see also Ranza v. Nike, Inc.*, 793 F.3d 1059, 1070 (9th Cir. 2015) ("The existence of a parent-subsidiary relationship is insufficient, on its own, to justify imputing one entity's contacts with a forum state to another for the purpose of establishing personal jurisdiction."). Simply put, Yodlee's presence in California does not satisfy the constitutional due process requirements for exercising personal jurisdiction over Envestnet.[3]

In sum, this Court should dismiss all claims against Envestnet for lack of personal jurisdiction.

### B. Even if Envestnet was Subject to Personal Jurisdiction, the Amended Complaint Fails to State any Claim against Envestnet.

Even if Envestnet was subject to personal jurisdiction in this Court, the Amended Complaint pleads no facts to support any causes of action against Envestnet. To survive a motion to dismiss, "a

---

[2] Because Plaintiffs have not satisfied either of the first two prongs of the specific jurisdiction test, this Court need not reach the third prong—whether the exercise of jurisdiction would be reasonable.

[3] To plead personal jurisdiction based on Envestnet's corporate relationship with Yodlee, Plaintiffs would have to allege plausible facts satisfying this Circuit's "alter ego" test. *Ranza*, 793 F.3d at 1071 (recognizing *Daimler* abrogated the Ninth Circuit's "agency test"). The Amended Complaint contains no such allegations.

complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted); *see Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "[F]or a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (internal quotation marks omitted). A plaintiff "must identify what action each Defendant took that caused Plaintiffs' harm, without resort to generalized allegations against Defendants as a whole." *In re iPhone Application Litig.*, No. 11-MD-02250-LHK, 2011 WL 4403963, at *8 (N.D. Cal. Sept. 20, 2011). Here, Plaintiffs plead no non-conclusory facts to support independent claims against Envestnet.

### 1. Plaintiffs Do Not Allege Any Actionable Conduct by Envestnet.

"Courts consistently conclude that a complaint which lump[s] together multiple defendants in one broad allegation fails to satisfy the notice requirement of Rule 8(a)(2)." *Boyer v. Becerra*, No. 17-cv-06063-YGR, 2018 WL 2041995, at *7 (N.D. Cal. Apr. 30, 2018) (citation, internal quotation marks, and alterations omitted); *Fagbohungbe v. Caltrans*, No. 13-cv-03801-WHO, 2014 WL 644008, at *3 n.4 (N.D. Cal. Feb. 19, 2014) ("The general allegation regarding 'defendants' is also insufficient on its face because it does not identify which specific defendants. . . ."). Yet improper group pleading is exactly what Plaintiffs here have done. The Amended Complaint is devoid of allegations concerning any interaction between Plaintiffs and *Envestnet*, or of any harm that *Envestnet* purportedly caused Plaintiffs. Rather, Plaintiffs improperly "lump" Envestnet and Yodlee together using the generic term "Defendants." This is insufficient under *Iqbal* and *Twombly*.

Instead, Plaintiffs "must identify what action each Defendant took that caused Plaintiffs' harm, without resort to generalized allegations against Defendants as a whole." *In re iPhone*, 2011 WL 4403963, at *8. The Amended Complaint fails to articulate how or why Envestnet is allegedly liable to Plaintiffs. As noted, "[c]ommon ownership or control alone is never enough to establish parent liability." *Forsyth v. HP Inc.*, No. 5:16-cv-04775-EJD, 2020 WL 2524517, at *12 (N.D. Cal. May 18, 2020) (citation omitted); *see also Sun Microsystems Inc. v. Hynix Semiconductor Inc.*, 622 F. Supp. 2d 890, 897 (N.D. Cal. 2009) ("corporate law prohibits a parent corporation from being held liable on the

basis of its subsidiary's actions"). Without more, the Amended Complaint states no claims against Envestnet.

### 2. The Amended Complaint Also Fails for the Reasons Provided in Yodlee's Separate Motion to Dismiss.

The Amended Complaint also fails to state any valid causes of action against Envestnet for all the reasons set forth in Yodlee's separate Motion to Dismiss, which Envestnet joins and incorporates by reference here.

## IV. CONCLUSION

For the foregoing reasons, this Court should dismiss all claims against Envestnet with prejudice.

DATED: November 4, 2020  COVINGTON & BURLING LLP

By: */s/ Simon J. Frankel*

SIMON J. FRANKEL (SBN 171552)
PATRICK R. CAREY (SBN 308623)
COVINGTON & BURLING LLP
Salesforce Tower
415 Mission Street, Suite 5400
San Francisco, CA 94105-2533
Telephone: + 1 (415) 591-6000
Facsimile: + 1 (415) 591-6091
Email: sfrankel@cov.com
Email: pcarey@cov.com

ERIC C. BOSSET (*pro hac vice*)
COVINGTON & BURLING LLP
One CityCenter, 850 10th Street NW
Washington, D.C. 20001
Telephone: +1 (202) 662-6000
Facsimile: +1 (202) 662-6291
Email: ebosset@cov.com

*Attorneys for Defendants
Yodlee, Inc. and Envestnet Inc.*