SIMON J. FRANKEL (SBN 171552)
JENNA L. ZHANG (SBN 336105)
COVINGTON & BURLING LLP
Salesforce Tower
415 Mission Street, Suite 5400
San Francisco, CA 94105-2533
Telephone: + 1 (415) 591-6000
Facsimile: + 1 (415) 591-6091
Email: sfrankel@cov.com
Email: jzhang@cov.com

ERIC C. BOSSET (*pro hac vice*)
ANDREW J. VADEN (SBN 308942)
DANIEL RIOS (*pro hac vice*)
COVINGTON & BURLING LLP
One CityCenter, 850 10th Street NW
Washington, D.C. 20001
Telephone: +1 (202) 662-6000
Facsimile: +1 (202) 662-6291
Email: ebosset@cov.com
Email: avaden@cov.com
Email: drios@cov.com

*Attorneys for Yodlee, Inc.*

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBORAH WESCH, DARIUS CLARK, JOHN H. COTTRELL, WILLIAM B. COTTRELL, RYAN HAMRE, GREG HERTIK, DAISY HODSON, DAVID LUMB, KYLA ROLLIER and JENNY SZETO, individually and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br><br>        v.<br><br>YODLEE, INC., a Delaware corp.,<br><br>        Defendant. | Civil Case No.: 3:20-cv-05991-SK<br><br>**DEFENDANT YODLEE INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO THE SECOND AMENDED COMPLAINT** |

Defendant Yodlee Inc. ("Yodlee"), by and through its undersigned attorneys, hereby responds as follows to the allegations in the Second Amended Complaint ("Complaint") filed in this action by Deborah Wesch, Darius Clark, John Cottrell, William Cottrell, Ryan Hamre, Greg Hertik, Daisy Hodson, David Lumb, Kyla Rollier, and Jenny Szeto ("Plaintiffs").

## PRELIMINARY STATEMENT

The following matters are incorporated into responses to each paragraph of the Complaint:

A.     Yodlee submits this Answer and Affirmative Defenses ("Answer") only on behalf of itself and, unless stated otherwise, construes "Yodlee" to refer exclusively to Yodlee, Inc.

B.     The Complaint contains purported references to documents and third-party publications and statements that have often been excerpted, paraphrased, characterized, and otherwise taken out of context. These documents and third-party publications and statements should be considered, if at all, in context and in unmodified form, and Yodlee respectfully refers the Court to the respective materials for their complete contents.

C.     Except as otherwise expressly stated herein, Yodlee denies each and every allegation in the Complaint, including any allegations in the preamble, prayer for relief, table of contents, titles, headings, subheadings, footnotes, and images of the Complaint, and specifically denies liability to Plaintiffs. To the extent not expressly denied, all allegations for which Yodlee denies possessing knowledge or information sufficient to form a belief are denied.

D.     Yodlee reserves the right to seek to amend and supplement its Answer as may be appropriate.

## ANSWERING THE SUMMARY OF ALLEGATIONS

1.     Yodlee is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 and, on that basis, denies those allegations.

2.     Yodlee denies the allegations in Paragraph 2.

3.     Yodlee denies the allegations in Paragraph 3.

4.     Yodlee avers that it licenses certain application programming interfaces and software development kits and further avers that Bank of America, Merrill Lynch, Citibank, and PayPal currently license at least one Yodlee product. Yodlee otherwise denies the allegations in Paragraph 4.

5.     Yodlee avers that it receives, with permission, certain transactional data pursuant to commercial agreements with certain customers. Yodlee otherwise denies the allegations in Paragraph 5.

6.     Yodlee avers that when PayPal users choose to connect a bank account to PayPal using the PayPal app, PayPal's account linking screen may display the logo of the financial institution with the account the PayPal user is choosing to link. Yodlee further avers that PayPal users do not need to create an account with Yodlee. Yodlee further avers that PayPal discloses Yodlee's involvement to PayPal users before they link their accounts using the PayPal app. Yodlee otherwise denies the allegations in Paragraph 6.

7.     Yodlee avers that PayPal discloses Yodlee's involvement to PayPal users prior to their linking any accounts using the PayPal app. Yodlee otherwise denies the allegations in Paragraph 7.

8.     Yodlee avers that PayPal may access 90 days of transaction history from a PayPal user's linked bank account in connection with the account verification process. Yodlee otherwise denies the allegations in Paragraph 8.

9.     Yodlee avers that PayPal users who link their bank accounts to PayPal using the PayPal app, knowingly provide their log-in credentials for instant account verification at PayPal's request. Yodlee otherwise denies the allegations in Paragraph 9.

10.    Yodlee denies the allegations in Paragraph 10.

11.    Yodlee admits that a letter from Senator Wyden to the Federal Trade Commission contains the excerpted language quoted in Paragraph 11, but denies the characterization of the letter in Paragraph 11 and respectfully refers the Court to the cited document for its full and correct contents. Yodlee is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 11 and, on that basis, denies those allegations.

12.    Yodlee is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 and, on that basis, denies those allegations.

13.     Yodlee denies the allegations in Paragraph 13.

14.     Yodlee admits that a filing it submitted to the Securities and Exchange Commission contains the excerpted language quoted in Paragraph 14, but denies the characterization of the filing in Paragraph 14 and respectfully refers the Court to the cited document for its full and correct contents. Yodlee otherwise denies the allegations in Paragraph 14.

15.     Yodlee denies the allegations in Paragraph 15.

16.     Yodlee denies the allegations in Paragraph 16.

17.     Yodlee denies the allegations in Paragraph 17.

18.     Yodlee is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 and, on that basis, denies those allegations.

### ANSWERING ALLEGATIONS REGARDING JURISDICTION AND VENUE

19.     Yodlee states that the allegations in Paragraph 19 are legal conclusions to which no response is required. Yodlee further avers that no response to the allegations in the first sentence of Paragraph 19 is required because this Court has dismissed Plaintiffs' claims under the Stored Communications Act and the Computer Fraud and Abuse Act. To the extent a response is required, Yodlee denies the allegations in Paragraph 19.

20.     Yodlee states that the allegations in Paragraph 20 are legal conclusions to which no response is required. To the extent a response is required, Yodlee denies the allegations in Paragraph 20.

21.     Yodlee states that the allegations in Paragraph 21 are legal conclusions to which no response is required. To the extent a response is required, Yodlee admits that this Court has general personal jurisdiction over it, but Yodlee otherwise denies the allegations in Paragraph 21.

22.     Yodlee states that the allegations in Paragraph 22 are not directed to Yodlee and therefore no response is required. Yodlee further avers that the Court has dismissed Envestnet, Inc. from this action. To the extent a response is required, Yodlee denies the allegations in Paragraph 22.

23.     Yodlee states that the allegations in Paragraph 23 are not directed to Yodlee and therefore no response is required. Yodlee further avers that the Court has dismissed Envestnet, Inc. from this action. To the extent a response is required, Yodlee denies the allegations in Paragraph 23.

24.     Yodlee states that the allegations in Paragraph 24 are not directed to Yodlee and therefore no response is required. Yodlee further avers that the Court has dismissed Envestnet, Inc. from this action. To the extent a response is required, Yodlee admits that Figures 1, 2, and 3 include the branding label "Envestnet | Yodlee," but Yodlee otherwise denies the allegations in Paragraph 24.

25.     Yodlee states that the allegations in the first, second, and fourth sentences in Paragraph 25 are not directed to Yodlee and therefore no response is required. Yodlee further avers that the Court has dismissed Envestnet, Inc. from this action. To the extent a response is required, Yodlee denies those allegations. Yodlee denies the remaining allegations in Paragraph 25.

26.     Yodlee states that the allegations in Paragraph 26 are not directed to Yodlee and therefore no response is required. Yodlee further avers that the Court has dismissed Envestnet, Inc. from this action. To the extent a response is required, Yodlee admits that a letter from Senator Wyden to the Federal Trade Commission contains the excerpted language quoted in Paragraph 26, but denies the characterization of the letter in Paragraph 26 and respectfully refers the Court to the cited document for its full and correct contents. Yodlee otherwise denies the allegations in Paragraph 26.

27.     Yodlee states that the allegations in Paragraph 27 are not directed to Yodlee and therefore no response is required. Yodlee further avers that the Court has dismissed Envestnet, Inc. from this action. To the extent a response is required, Yodlee admits that Envestnet, Inc. is registered with California Secretary of State and has designated an agent for service of process in California. Yodlee otherwise denies the allegations in Paragraph 27.

28.     Yodlee states that the allegations in Paragraph 28 are not directed to Yodlee and therefore no response is required. Yodlee further avers that the Court has dismissed Envestnet, Inc. from this action. To the extent a response is required, Yodlee avers that Envestnet, Inc. owns Yodlee, and that Yodlee was delisted from the stock exchange after it was acquired by Envestnet, Inc. Yodlee otherwise denies the allegations in Paragraph 28.

29.     Yodlee states that the allegations in Paragraph 29 are legal conclusions to which no response is required. Yodlee further avers that the Court has dismissed Envestnet, Inc. from this action.

1   To the extent a response is required, Yodlee admits that it is headquartered in and transacts business in

2   this District. Yodlee otherwise denies the allegations in Paragraph 29.

3         30.     Yodlee states that the allegations in Paragraph 30 are legal conclusions to which no

4   response is required. To the extent a response is required, Yodlee denies the allegations in Paragraph 30.

5   **ANSWERING ALLEGATIONS REGARDING THE PARTIES**

6         31.     Yodlee is without knowledge or information sufficient to form a belief as to the truth of

7   the allegations in Paragraph 31 and, on that basis, denies those allegations.

8         32.     Yodlee is without knowledge or information sufficient to form a belief as to the truth of

9   the allegations in the first sentence of Paragraph 32 and, on that basis, denies those allegations. Yodlee

10  denies the remaining allegations in Paragraph 32.

11        33.     Yodlee is without knowledge or information sufficient to form a belief as to the truth of

12  the allegations in Paragraph 33 and, on that basis, denies those allegations.

13        34.     Yodlee is without knowledge or information sufficient to form a belief as to the truth of

14  the allegations in the first sentence of Paragraph 34 and, on that basis, denies those allegations. Yodlee

15  denies the remaining allegations in Paragraph 34.

16        35.     Yodlee is without knowledge or information sufficient to form a belief as to the truth of

17  the allegations in Paragraph 35 and, on that basis, denies those allegations.

18        36.     Yodlee is without knowledge or information sufficient to form a belief as to the truth of

19  the allegations in the first sentence of Paragraph 36 and, on that basis, denies those allegations. Yodlee

20  denies the remaining allegations in Paragraph 36.

21        37.     Yodlee is without knowledge or information sufficient to form a belief as to the truth of

22  the allegations in Paragraph 37 and, on that basis, denies those allegations.

23        38.     Yodlee is without knowledge or information sufficient to form a belief as to the truth of

24  the allegations in the first sentence of Paragraph 38 and, on that basis, denies those allegations. Yodlee

25  denies the remaining allegations in Paragraph 38.

26        39.     Yodlee is without knowledge or information sufficient to form a belief as to the truth of

27  the allegations in Paragraph 39 and, on that basis, denies those allegations.

28

40.     Yodlee is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 40 and, on that basis, denies those allegations. Yodlee denies the remaining allegations in Paragraph 40.

41.     Yodlee is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 41 and, on that basis, denies those allegations.

42.     Yodlee is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 42 and, on that basis, denies those allegations. Yodlee denies the remaining allegations in Paragraph 42.

43.     Yodlee is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43 and, on that basis, denies those allegations.

44.     Yodlee is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 44 and, on that basis, denies those allegations. Yodlee denies the remaining allegations in Paragraph 44.

45.     Yodlee is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 45 and, on that basis, denies those allegations.

46.     Yodlee is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 46 and, on that basis, denies those allegations. Yodlee denies the remaining allegations in Paragraph 46.

47.     Yodlee is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 47 and, on that basis, denies those allegations.

48.     Yodlee is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 48 and, on that basis, denies those allegations. Yodlee denies the remaining allegations in Paragraph 48.

49.     Yodlee is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 49 and, on that basis, denies those allegations.

50.     Yodlee is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 50 and, on that basis, denies those allegations. Yodlee denies the remaining allegations in Paragraph 50.

51.     Yodlee admits that it is a Delaware corporation. Yodlee denies the remaining allegations in Paragraph 51.

52.     Yodlee avers that the allegations in Paragraph 52 are not directed to Yodlee and therefore no response is required. Yodlee further avers that the Court has dismissed Envestnet, Inc. from this action. To the extent a response is required, Yodlee admits that Envestnet, Inc. is a Delaware corporation with its principal place of business located at 35 East Wacker Drive, Suite 2400, Chicago, Illinois 60601. Yodlee denies the remaining allegations in Paragraph 52.

53.     Paragraph 53 describes terms used in the Complaint, to which no response is required. To the extent any response is required, Yodlee denies the allegations in Paragraph 53.

## ANSWERING FACTUAL ALLEGATIONS

54.     Yodlee avers that it was founded in 1999 and provides financial institutions and other commercial customers with software solutions that improve the user experience of their end-customers, for example by making it possible for those end-customers to view bank statements, financial accounts, and investment portfolios all at once without relying on multiple logins or webpages. Yodlee denies the remaining allegations in Paragraph 54.

55.     Yodlee avers that it provides APIs or SDKs for certain customers' applications, including PayPal, Personal Capital, and certain banks. Yodlee denies the remaining allegations in Paragraph 55.

56.     Yodlee avers that customers pay a licensing fee to access a Yodlee API. Yodlee denies the remaining allegations in Paragraph 56.

57.     Yodlee avers that over 1,400 financial institutions, and a majority of the 20 largest U.S. banks, are Yodlee subscribers. Yodlee denies the remaining allegations in Paragraph 57.

58.     Yodlee admits that it became a publicly traded company listed on the NASDAQ stock exchange in October 2014. Yodlee denies the remaining allegations in Paragraph 58.

59.     Yodlee admits that it was acquired by Envestnet, Inc. in 2015 and avers that the transaction reflected an enterprise value of approximately $590 million. Yodlee is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 59 and, on that basis, denies those allegations.

60.     Yodlee admits that the Wall Street Journal published an article about Yodlee in 2015. Yodlee denies the remaining allegations in Paragraph 60.

61.     Yodlee admits that a 2015 Wall Street Journal article contains the excerpted language quoted in Paragraph 61 that the article attributed those words to a statement by Yodlee. Yodlee denies the remaining allegations in Paragraph 61.

62.     Yodlee admits that its website contains the excerpted language quoted in Paragraph 62, but denies the characterization of the language in Paragraph 62 and respectfully refers the Court to the website for its full and correct contents. Yodlee denies the remaining allegations in Paragraph 62.

63.     Yodlee denies the allegations in Paragraph 63.

64.     Yodlee denies the allegations in Paragraph 64.

65.     Yodlee avers that PayPal uses Yodlee's instant account verification software to validate the bank account and balance that a PayPal user seeks to link to PayPal to make purchases using PayPal's app. Yodlee further avers that PayPal users currently see screens similar to the images appearing in Figure 4 when attempting to link a bank account to PayPal in order to use that account with PayPal's services. Yodlee denies the remaining allegations in Paragraph 65.

66.     Yodlee admits that the first screen displayed in Figure 4 includes the non-bracketed excerpted language quoted in the first sentence of Paragraph 66. Yodlee denies the remaining allegations in Paragraph 66.

67.     Yodlee avers that PayPal may access 90 days of transaction history from a PayPal user's linked bank account in connection with the account verification process. Yodlee denies the remaining allegations in Paragraph 67.

68.     Yodlee admits that Figure 4 contains the excerpted language quoted in the second sentence in Paragraph 68 but denies the characterization of that language in Paragraph 68. Yodlee denies the remaining allegations in Paragraph 68.

69.     Yodlee denies the allegations in Paragraph 69.

70.     Yodlee admits that Figure 4 contains the excerpted language quoted in the second sentence in Paragraph 70 but denies the characterization of that language in Paragraph 70. Yodlee denies the remaining allegations in Paragraph 70.

71.     Yodlee avers that its direct-to-consumer product is subject to Yodlee's terms of service, privacy policy, and any other applicable agreements with and disclosures made to the user of that product. Yodlee further avers that services offered by its customers to their own end-users, and information disclosed by those customers to third parties (such as Yodlee), are subject to those customers' terms of service, privacy policies, and any other applicable agreements with and disclosures made to their own end-users. Yodlee denies the remaining allegations in Paragraph 71.

72.     Yodlee denies the allegations in Paragraph 72.

73.     Yodlee denies the allegations in Paragraph 73.

74.     Yodlee avers generally that in the past, persons seeking to link bank accounts electronically sometimes would submit routing and account numbers and confirm trial deposits to verify their ownership of an account, and that this prior process was much less consumer-friendly than the instant account verification solution that Yodlee provides. Yodlee is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 74 and, on that basis, denies those allegations.

75.     Yodlee avers that OAuth, a recent alternative to credentials-based account linking, can be used only if the systems of the Yodlee customer and the end-user's financial institution both support it. Yodlee is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 75 and, on that basis, denies those allegations.

76.     Yodlee is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 76 and, on that basis, denies those allegations.

77.     Yodlee is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 77 and, on that basis, denies those allegations.

78.     Yodlee denies the allegations in Paragraph 78.

79.     Yodlee is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first two sentences of Paragraph 79 and, on that basis, denies those allegations. Yodlee denies the remaining allegations in Paragraph 79.

80.     Yodlee avers that it uses OAuth with clients in the United States and elsewhere that have agreed to use and updated their systems to enable OAuth. Yodlee further avers that other customers in the United States have not agreed to use and/or updated their systems to enable OAuth. Yodlee denies the remainder of the allegations in Paragraph 80.

81.     Yodlee denies the allegations in Paragraph 81.

82.     Yodlee denies the allegations in Paragraph 82.

83.     Yodlee denies the allegations in Paragraph 83.

84.     Yodlee avers generally that certain data received for or from its customers may be retained at the request of those customers to fulfill their needs. Yodlee otherwise denies the allegations in Paragraph 84.

85.     Yodlee admits that its prospectus for the proposed merger with Envestnet, Inc. contains the excerpted language quoted in Paragraph 85, but denies the characterization of this language and respectfully refers the Court to the cited document for its full and correct contents. Yodlee further admits that Envestnet, Inc.'s business continuity plan contains the excerpted language quoted in Paragraph 85, but denies the characterization of this language and respectfully refers the Court to the cited document for its full and correct contents. Yodlee further avers generally that certain data received for or from its customers may be retained at the request of those customers to fulfill their needs. Yodlee denies the remaining allegations in Paragraph 85.

86.     Yodlee denies the allegations in Paragraph 86.

87.     Yodlee denies the allegations in Paragraph 87.

88.     Yodlee denies the allegations in Paragraph 88.

89.     Yodlee avers that its direct-to-consumer product is subject to Yodlee's terms of service, privacy policy, and any other applicable agreements with and disclosures made to the users of such products. Yodlee further avers that services offered by its customers to their own end-users, and information disclosed by those customers to third parties (such as Yodlee), are subject to those customers' terms of service, privacy policies, and any other applicable agreements with and disclosures made to their own end-users. Yodlee denies the remaining allegations in Paragraph 89.

90.     Yodlee denies the allegations in Paragraph 90.

91.     Yodlee denies the allegations in Paragraph 91.

92.     The allegations in Paragraph 92 are legal conclusions to which no response is required. To the extent a response is required, Yodlee refers this Court to the cited statute for its full and correct contents and denies the allegations in Paragraph 92.

93.     The allegations in Paragraph 93 are legal conclusions to which no response is required; to the extent a response is required, Yodlee denies them.

94.     Yodlee admits that Cal. Civ. Code § 1798.100(b) contains the excerpted language quoted in Paragraph 94. Yodlee otherwise states that the allegations in Paragraph 94 are legal conclusions to which no response is required. To the extent a response is required, Yodlee refers this Court to the cited statute for its full and correct contents and otherwise denies the allegations in Paragraph 94.

95.     Yodlee admits that Cal. Civ. Code § 1798.100(b) contains the excerpted language quoted in Paragraph 95. Yodlee otherwise states that the allegations in Paragraph 95 are legal conclusions to which no response is required. To the extent a response is required, Yodlee denies the remaining allegations in Paragraph 95.

96.     Yodlee admits that Cal. Fin. Code §§ 4051, 4053(d)(1) contain the language quoted in Paragraph 96. Yodlee otherwise states that the allegations in Paragraph 96 are legal conclusions to which no response is required. To the extent a response is required, Yodlee denies the remaining allegations in Paragraph 96.

97.     Yodlee admits that Cal. Bus. & Prof Code §§ 22575, 22577(b) contain the language quoted in Paragraph 97. Yodlee otherwise states that the allegations in Paragraph 97 are legal

conclusions to which no response is required. To the extent a response is required, Yodlee denies the remaining allegations in Paragraph 97.

98.     The allegations in Paragraph 98 are legal conclusions to which no response is required. To the extent a response is required, Yodlee denies the allegations in Paragraph 98.

99.     Yodlee admits that cited regulations contain the language quoted in Paragraph 99. Yodlee otherwise states that the allegations in Paragraph 99 are legal conclusions to which no response is required. To the extent a response is required, Yodlee refers this Court to the cited regulations for their full and correct contents and denies the remaining allegations in Paragraph 99.

100.    The allegations in Paragraph 100 are legal conclusions to which no response is required. To the extent a response is required, Yodlee refers this Court to the cited statute and regulation for their full and correct contents and denies the allegations in Paragraph 100.

101.    Yodlee denies the allegations in Paragraph 101.

102.    Yodlee avers that its direct-to-consumer product is subject to Yodlee's terms of service, privacy policy, and any other applicable agreements with and disclosures made to the users of such products. Yodlee further avers that services offered by its customers to their own end-users, and information disclosed by those customers to third parties (such as Yodlee), are subject to those customers' terms of service, privacy policies, and any other applicable agreements with and disclosures made to their own end-users. Yodlee otherwise denies the allegations in Paragraph 102.

103.    Yodlee avers that the quoted non-bracketed excerpted language quoted in the third sentence of Paragraph 103 is displayed on the first PayPal account linking screen set forth in Figure 4 of the Complaint. Yodlee otherwise denies the allegations in Paragraph 103.

104.    Yodlee denies the allegations in Paragraph 104.

105.    Yodlee admits that Cal. Fin. Code § 4053.5 contains the excerpted language quoted in Paragraph 105. Yodlee otherwise states that the allegations in Paragraph 105 are legal conclusions to which no response is required. To the extent a response is required, Yodlee refers this Court to the cited statute for its full and correct contents and denies Plaintiffs' characterization of the same. Yodlee denies the remaining allegations in Paragraph 105.

106.     Yodlee admits that Cal. Fin. Code § 4056 contains the excerpted language quoted in Paragraph 106. Yodlee otherwise states that the allegations in Paragraph 106 are legal conclusions to which no response is required. To the extent a response is required, Yodlee refers this Court to the cited statute for its full and correct contents and denies Plaintiffs' characterization of the same. Yodlee denies the remaining allegations in Paragraph 106.

107.     Yodlee is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 107 and, on that basis, denies those allegations.

108.     Yodlee admits that the Consumer Financial Protection Bureau's 2017 Consumer Protection Principles contain the language quoted in Paragraph 108, but denies the characterization of the language quoted in Paragraph 108 and respectfully refers the Court to the cited document for its full and correct contents. Yodlee denies the remaining allegations in Paragraph 108.

109.     Yodlee admits that the Consumer Financial Protection Bureau's 2017 Consumer Protection Principles contain the language quoted in Paragraph 109, but denies the characterization of the language quoted in Paragraph 109 and respectfully refers the Court to the cited document for its full and correct contents. Yodlee denies the remaining allegations in Paragraph 109.

110.     Yodlee admits that the Consumer Financial Protection Bureau's 2017 Consumer Protection Principles contain the language quoted in Paragraph 110, but denies the characterization of the language quoted in Paragraph 110 and respectfully refers the Court to the cited document for its full and correct contents. Yodlee denies the remaining allegations in Paragraph 110.

111.     Yodlee admits that the Consumer Financial Protection Bureau's 2017 Consumer Protection Principles contain the language quoted in Paragraph 111, but denies the characterization of the language quoted in Paragraph 111 and respectfully refers the Court to the cited document for its full and correct contents. Yodlee denies the remaining allegations in Paragraph 111.

112.     Yodlee admits that the CFPB issued an advance notice of proposed rulemaking in October 2020, and respectfully refers the Court to the cited document for its full and correct contents. Yodlee denies the remaining allegations in Paragraph 112.

113.     Yodlee admits that a letter to J.P. Morgan shareholders from Jamie Dimon contains the excerpted language quoted in Paragraph 113, but denies the characterization of the letter in Paragraph 113 and respectfully refers the Court to the cited document for its full and correct contents. Yodlee denies the remaining allegations in Paragraph 113.

114.     Yodlee admits that an article in the New York Times contains the statements quoted in Paragraph 114, but denies the characterization of the article in Paragraph 114 and respectfully refers the Court to the cited document for its full and correct contents. Yodlee denies the remaining allegations in Paragraph 114.

115.     Yodlee admits that a letter from the American Bankers Association to the CFPB contains the excerpted language quoted in Paragraph 115, but denies the characterization of the letter in Paragraph 115 and respectfully refers the Court to the cited document for its full and correct contents. Yodlee denies the remaining allegations in Paragraph 115.

116.     Yodlee is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 116 regarding Jaime Dimon and, on that basis, denies those allegations. Yodlee denies the remaining allegations in Paragraph 116.

117.     Yodlee admits that a press release contains the excerpted language quoted in Paragraph 117, but denies the characterization of the letter in Paragraph 117 and respectfully refers the Court to the cited document for its full and correct contents. Yodlee denies the remaining allegations in Paragraph 117.

118.     Yodlee denies the allegations in Paragraph 118.

119.     Yodlee denies the allegations in Paragraph 119.

120.     Yodlee denies the allegations in Paragraph 120.

121.     Yodlee admits its acquisition by Envestnet, Inc. was announced in 2015, and avers that then announcement speaks for itself. Yodlee further avers that it licenses the use of certain anonymized, aggregated merchant spend data to customers. Yodlee otherwise denies the allegations in Paragraph 121.

122.     Yodlee denies the allegations in Paragraph 122.

123.    Yodlee is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 123 and, on that basis, denies those allegations.

124.    Yodlee is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 124 and, on that basis, denies those allegations.

125.    Yodlee admits that the cited webpage contains the excerpted language quoted in Paragraph 125, but denies the characterization of the webpage in Paragraph 125 and respectfully refers the Court to the cited document for its full and correct contents. Yodlee is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 125 and, on that basis, denies those allegations.

126.    Yodlee admits that the cited Forbes article contains the excerpted language quoted in Paragraph 126, but denies the characterization of the webpage in Paragraph 126 and respectfully refers the Court to the cited document for its full and correct contents. Yodlee is without knowledge or information sufficient to form a belief as to the truth of the allegations about Datacoup and in the first sentence of Paragraph 126 and, on that basis, denies those allegations. Yodlee denies the remaining allegations in Paragraph 126.

127.    Yodlee denies the allegations in Paragraph 127.

128.    Yodlee denies the allegations in Paragraph 128.

129.    Yodlee denies the allegations in Paragraph 129.

130.    Yodlee denies the allegations in Paragraph 130.

131.    Yodlee admits that Article 1, Section 1 of the California Constitution contains the excerpted language quoted in Paragraph 131. Yodlee denies the remaining allegations in Paragraph 131.

132.    Yodlee states that the allegations in Paragraph 132 are legal conclusions to which no response is required. To the extent a response is required, Yodlee refers this Court to the cited document for its full and correct contents and denies Plaintiffs' characterization of the same. Yodlee denies the remaining allegations in Paragraph 132.

133.    Yodlee denies the allegations in Paragraph 133.

134.    Yodlee is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 134 and, on that basis, denies those allegations.

135.    Yodlee is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 135 and, on that basis, denies those allegations.

136.    Yodlee denies the allegations in Paragraph 136.

137.    Yodlee avers that the merchant spend data it licenses to customers contains only de-identified, aggregated transaction-level account data elements. Yodlee otherwise denies the allegations in Paragraph 137.

138.    Yodlee admits that the cited article contains the excerpted language quoted in Paragraph 138, but denies the characterization of the article in Paragraph 138 and respectfully refers the Court to the cited document for its full and correct contents. Yodlee denies the remaining allegations in Paragraph 138.

139.    Yodlee admits that the cited article contains the excerpted language quoted in Paragraph 139, but denies the characterization of the article in initial clause of the first sentence of Paragraph 139 and respectfully refers the Court to the cited document for its full and correct contents. Yodlee further avers that it removes all direct and known indirect identifiers including account number, account holder name, address, email, and other personally identifiable information from its de-identified aggregated data.

140.    Yodlee denies the allegations in Paragraph 140.

141.    Yodlee denies the allegations in Paragraph 141.

142.    Yodlee is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 142 and, on that basis, denies those allegations.

143.    Yodlee is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 143 and, on that basis, denies those allegations.

144.    Yodlee admits that Singh and de Montoye published an article in Science in 2015, but denies the characterization of the article in Paragraph 144 and refers the Court to the cited document for its full and correct contents. Yodlee denies the remaining allegations in Paragraph 144.

145.     Yodlee is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 145 and, on that basis, denies those allegations.

146.     Yodlee denies the allegations in Paragraph 146.

147.     Yodlee denies the allegations in Paragraph 147.

148.     Yodlee denies the allegations in Paragraph 148.

149.     Yodlee admits that an SEC filing from 2015 contains the excerpted language quoted in Paragraph 149, but denies the characterization of the filing in Paragraph 149 and respectfully refers the Court to the cited document for its full and correct contents. Yodlee denies the remaining allegations in Paragraph 149.

150.     Yodlee denies the allegations in Paragraph 150.

151.     Yodlee avers that it hired Peter Swire in 2015 to review its privacy practices. Yodlee admits that the article cited in Paragraph 151 contains the excerpted language quoted in Paragraph 151, but denies the characterization of the article in Paragraph 151 and respectfully refers the Court to the cited document for its full and correct contents. Yodlee denies the remaining allegations in Paragraph 151.

152.     Yodlee admits that three members of Congress wrote a letter to the FTC requesting its investigation of alleged sales of "access to consumer data," but Yodlee denies the characterization of this letter. Yodlee denies the remaining allegations in Paragraph 152.

153.     Yodlee admits that a letter from Senator Wyden, Senator Brown, and Representative Eshoo to the Federal Trade Commission contains the excerpted language quoted in Paragraph 153, but denies the characterization of the letter in Paragraph 153 and respectfully refers the Court to the cited document for its full and correct contents. Yodlee denies the remaining allegations in Paragraph 153.

154.     Yodlee admits that a letter from Senator Wyden, Senator Brown, and Representative Eshoo to the Federal Trade Commission contains the excerpted language quoted in Paragraph 154, but denies the characterization of the letter in Paragraph 154 and respectfully refers the Court to the cited document for its full and correct contents. Yodlee denies the remaining allegations in Paragraph 154.

155. Yodlee admits that a letter from Senator Wyden, Senator Brown, and Representative Eshoo to the Federal Trade Commission contains the excerpted language quoted in Paragraph 155, but denies the characterization of the letter in Paragraph 155 and respectfully refers the Court to the cited document for its full and correct contents. Yodlee denies the remaining allegations in Paragraph 155.

156. Yodlee admits that Envestnet, Inc.'s Form 10-K filed in February 2020 disclosed that the FTC issued a civil investigative demand to Envestnet, Inc, but denies the characterization of the Form 10-K in Paragraph 156 and respectfully refers the Court to the cited document for its full and correct contents. Yodlee further admits that Envestnet, Inc.'s Form 10-K for fiscal year 2020 reported that the FTC had closed the matter. Yodlee denies the remaining allegations in Paragraph 156.

**ANSWERING ALLEGATIONS REGARDING TOLLING, CONCEALMENT AND ESTOPPEL**

157. Yodlee denies the allegations in Paragraph 157.

158. Yodlee avers that the allegations in Paragraph 158 are legal conclusions to which no response is required. To the extent a response is required, Yodlee denies them.

159. Yodlee denies the allegations in Paragraph 159.

160. Yodlee denies the allegations in Paragraph 160.

161. Yodlee avers that the allegations in Paragraph 161 are legal conclusions to which no response is required. To the extent a response is required, Yodlee denies them.

162. Yodlee denies the allegations in Paragraph 162.

**ANSWERING CLASS ACTION ALLEGATIONS**

163. Yodlee states that Paragraph 163 is Plaintiffs' putative class definition, to which no response is required; to the extent any response is required, Yodlee denies the allegations in Paragraph 163, further denies that any class action should be certified, and denies that Plaintiffs or putative class members are entitled to any relief.

164. Yodlee states that Paragraph 164 is Plaintiffs' putative class definition, to which no response is required; to the extent any response is required, Yodlee denies the allegations in Paragraph 164, further denies that any class action should be certified, and denies that Plaintiffs or putative class members are entitled to any relief.

165.   Yodlee denies the allegations in Paragraph 165.

166.   Yodlee denies the allegations in Paragraph 166.

167.   Yodlee denies the allegations in Paragraph 167.

168.   Yodlee denies the allegations in Paragraph 168.

169.   Yodlee denies the allegations in Paragraph 169.

170.   Yodlee states that Paragraph 170 is Plaintiffs' purported reservation to revise their putative class definition, to which no response is required; to the extent any response is required, Yodlee denies the allegations in Paragraph 170, further denies that any class should be certified, and denies that Plaintiffs or putative class members are entitled to any relief.

## ANSWERING ALLEGATIONS THAT CALIFORNIA LAW APPLIES TO THE NATIONWIDE CLASS

171.   Yodlee denies the allegations in Paragraph 171.

172.   Yodlee denies the allegations in Paragraph 172.

173.   Yodlee admits that it owns property and conducts business in California. Yodlee denies the remaining allegations in Paragraph 173.

174.   Yodlee denies the allegations in Paragraph 174.

## ANSWERING FIRST CLAIM FOR RELIEF

175.   In response to Paragraph 175, Yodlee repeats and incorporates by reference each and every response set forth above as if fully set forth herein.

176.   Yodlee denies the allegations in Paragraph 176.

177.   Yodlee denies the allegations in Paragraph 177.

178.   Yodlee denies the allegations in Paragraph 178.

179.   Yodlee is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 179 and, on that basis, denies those allegations.

180.   Yodlee denies the allegations in Paragraph 180.

181.   Yodlee denies the allegations in Paragraph 181.

182.   Yodlee denies the allegations in Paragraph 182.

183.   Yodlee denies the allegations in Paragraph 183.

184.     Yodlee denies the allegations in Paragraph 184.

185.     Yodlee denies the allegations in Paragraph 185.

186.     Yodlee denies the allegations in Paragraph 186.

187.     Yodlee denies the allegations in Paragraph 187.

188.     Yodlee admits that Plaintiffs seek the relief identified in Paragraph 188, but Yodlee denies that Plaintiffs are entitled to any relief. Yodlee denies the remaining allegations in Paragraph 188.

### ANSWERING SECOND CLAIM FOR RELIEF (DISMISSED)

189.     The Court dismissed Count 2 of Plaintiffs' Second Amended Complaint in its Order dated July 19, 2021. Dkt. 88. Yodlee avers that no response to the allegations in Paragraph 189 is required; to the extent a response is required, Yodlee denies the allegations.

190.     The Court dismissed Count 2 of Plaintiffs' Second Amended Complaint in its Order dated July 19, 2021. Dkt. 88. Yodlee avers that no response to the allegations in Paragraph 190 is required; to the extent a response is required, Yodlee denies the allegations.

191.     The Court dismissed Count 2 of Plaintiffs' Second Amended Complaint in its Order dated July 19, 2021. Dkt. 88. Yodlee avers that no response to the allegations in Paragraph 191 is required; to the extent a response is required, Yodlee denies the allegations.

192.     The Court dismissed Count 2 of Plaintiffs' Second Amended Complaint in its Order dated July 19, 2021. Dkt. 88. Yodlee avers that no response to the allegations in Paragraph 192 is required; to the extent a response is required, Yodlee denies the allegations.

193.     The Court dismissed Count 2 of Plaintiffs' Second Amended Complaint in its Order dated July 19, 2021. Dkt. 88. Yodlee avers that no response to the allegations in Paragraph 193 is required; to the extent a response is required, Yodlee denies the allegations.

194.     The Court dismissed Count 2 of Plaintiffs' Second Amended Complaint in its Order dated July 19, 2021. Dkt. 88. Yodlee avers that no response to the allegations in Paragraph 194 is required; to the extent a response is required, Yodlee denies the allegations.

195.     The Court dismissed Count 2 of Plaintiffs' Second Amended Complaint in its Order dated July 19, 2021. Dkt. 88. Yodlee avers that no response to the allegations in Paragraph 195 is required; to the extent a response is required, Yodlee denies the allegations.

196.     The Court dismissed Count 2 of Plaintiffs' Second Amended Complaint in its Order dated July 19, 2021. Dkt. 88. Yodlee avers that no response to the allegations in Paragraph 196 is required; to the extent a response is required, Yodlee denies the allegations.

197.     The Court dismissed Count 2 of Plaintiffs' Second Amended Complaint in its Order dated July 19, 2021. Dkt. 88. Yodlee avers that no response to the allegations in Paragraph 197 is required; to the extent a response is required, Yodlee denies the allegations.

198.     The Court dismissed Count 2 of Plaintiffs' Second Amended Complaint in its Order dated July 19, 2021. Dkt. 88. Yodlee avers that no response to the allegations in Paragraph 198 is required; to the extent a response is required, Yodlee denies the allegations.

199.     The Court dismissed Count 2 of Plaintiffs' Second Amended Complaint in its Order dated July 19, 2021. Dkt. 88. Yodlee avers that no response to the allegations in Paragraph 199 is required; to the extent a response is required, Yodlee denies the allegations.

200.     The Court dismissed Count 2 of Plaintiffs' Second Amended Complaint in its Order dated July 19, 2021. Dkt. 88. Yodlee avers that no response to the allegations in Paragraph 200 is required; to the extent a response is required, Yodlee denies the allegations.

201.     The Court dismissed Count 2 of Plaintiffs' Second Amended Complaint in its Order dated July 19, 2021. Dkt. 88. Yodlee avers that no response to the allegations in Paragraph 201 is required; to the extent a response is required, Yodlee denies the allegations.

202.     The Court dismissed Count 2 of Plaintiffs' Second Amended Complaint in its Order dated July 19, 2021. Dkt. 88. Yodlee avers that no response to the allegations in Paragraph 202 is required; to the extent a response is required, Yodlee denies the allegations.

203.     The Court dismissed Count 2 of Plaintiffs' Second Amended Complaint in its Order dated July 19, 2021. Dkt. 88. Yodlee avers that no response to the allegations in Paragraph 203 is required; to the extent a response is required, Yodlee denies the allegations.

### ANSWERING THIRD CLAIM FOR RELIEF

204.    In response to Paragraph 204, Yodlee repeats and incorporates by reference each and every response set forth above as if fully set forth herein.

205.    Yodlee denies the allegations in Paragraph 205.

206.    Yodlee denies the allegations in Paragraph 206.

207.    Yodlee denies the allegations in Paragraph 207.

208.    Yodlee denies the allegations in Paragraph 208.

209.    Yodlee admits that Plaintiffs purport to seek injunctive relief. Yodlee denies the remaining allegations in Paragraph 209.

210.    Yodlee denies the allegations in Paragraph 210.

### ANSWERING FOURTH CLAIM FOR RELIEF

211.    In response to Paragraph 211, Yodlee repeats and incorporates by reference each and every response set forth above as if fully set forth herein.

212.    Yodlee states that the allegations in Paragraph 212 are legal conclusions to which no response is required. To the extent a response is required, Yodlee admits that California Civil Code § 1709 contains the excerpted language quoted in Paragraph 212, but denies the remaining allegations in Paragraph 212.

213.    Yodlee states that the allegations in Paragraph 213 are legal conclusions to which no response is required. To the extent a response is required, Yodlee admits that California Civil Code § 1710 contains the excerpted language quoted in Paragraph 213, but denies the remaining allegations in Paragraph 213.

214.    Yodlee denies the allegations in Paragraph 214.

215.    Yodlee denies the allegations in Paragraph 215.

216.    Yodlee denies the allegations in Paragraph 216.

217.    Yodlee denies the allegations in Paragraph 217.

218.    Yodlee denies the allegations in Paragraph 218.

219.    Yodlee admits that Plaintiffs purport to seek the relief described in Paragraph 219, but Yodlee denies that Plaintiffs or putative class members are entitled to any relief. Yodlee denies the remaining allegations in Paragraph 219.

### ANSWERING FIFTH CLAIM FOR RELIEF (DISMISSED)

220.    The Court dismissed Count 5 of Plaintiffs' Second Amended Complaint in its Order dated July 19, 2021. Dkt. 88. Yodlee avers that no response to the allegations in Paragraph 220 is required; to the extent a response is required, Yodlee denies the allegations.

221.    The Court dismissed Count 5 of Plaintiffs' Second Amended Complaint in its Order dated July 19, 2021. Dkt. 88. Yodlee avers that no response to the allegations in Paragraph 221 is required; to the extent a response is required, Yodlee denies the allegations.

222.    The Court dismissed Count 5 of Plaintiffs' Second Amended Complaint in its Order dated July 19, 2021. Dkt. 88. Yodlee avers that no response to the allegations in Paragraph 222 is required; to the extent a response is required, Yodlee denies the allegations.

223.    The Court dismissed Count 5 of Plaintiffs' Second Amended Complaint in its Order dated July 19, 2021. Dkt. 88. Yodlee avers that no response to the allegations in Paragraph 223 is required; to the extent a response is required, Yodlee denies the allegations.

224.    The Court dismissed Count 5 of Plaintiffs' Second Amended Complaint in its Order dated July 19, 2021. Dkt. 88. Yodlee avers that no response to the allegations in Paragraph 224 is required; to the extent a response is required, Yodlee denies the allegations.

225.    The Court dismissed Count 5 of Plaintiffs' Second Amended Complaint in its Order dated July 19, 2021. Dkt. 88. Yodlee avers that no response to the allegations in Paragraph 225 is required; to the extent a response is required, Yodlee denies the allegations.

226.    The Court dismissed Count 5 of Plaintiffs' Second Amended Complaint in its Order dated July 19, 2021. Dkt. 88. Yodlee avers that no response to the allegations in Paragraph 226 is required; to the extent a response is required, Yodlee denies the allegations.

227.    The Court dismissed Count 5 of Plaintiffs' Second Amended Complaint in its Order dated July 19, 2021. Dkt. 88. Yodlee avers that no response to the allegations in Paragraph 227 is required; to the extent a response is required, Yodlee denies the allegations.

228.    The Court dismissed Count 5 of Plaintiffs' Second Amended Complaint in its Order dated July 19, 2021. Dkt. 88. Yodlee avers that no response to the allegations in Paragraph 228 is required; to the extent a response is required, Yodlee denies the allegations.

229.    The Court dismissed Count 5 of Plaintiffs' Second Amended Complaint in its Order dated July 19, 2021. Dkt. 88. Yodlee avers that no response to the allegations in Paragraph 229 is required; to the extent a response is required, Yodlee denies the allegations.

230.    The Court dismissed Count 5 of Plaintiffs' Second Amended Complaint in its Order dated July 19, 2021. Dkt. 88. Yodlee avers that no response to the allegations in Paragraph 230 is required; to the extent a response is required, Yodlee denies the allegations.

**ANSWERING SIXTH CLAIM FOR RELIEF (DISMISSED)**

231.    The Court dismissed Count 6 of Plaintiffs' Second Amended Complaint in its Order dated July 19, 2021. Dkt. 88. Yodlee avers that no response to the allegations in Paragraph 231 is required; to the extent a response is required, Yodlee denies the allegations.

232.    The Court dismissed Count 6 of Plaintiffs' Second Amended Complaint in its Order dated July 19, 2021. Dkt. 88. Yodlee avers that no response to the allegations in Paragraph 232 is required; to the extent a response is required, Yodlee denies the allegations.

233.    The Court dismissed Count 6 of Plaintiffs' Second Amended Complaint in its Order dated July 19, 2021. Dkt. 88. Yodlee avers that no response to the allegations in Paragraph 233 is required; to the extent a response is required, Yodlee denies the allegations.

234.    The Court dismissed Count 6 of Plaintiffs' Second Amended Complaint in its Order dated July 19, 2021. Dkt. 88. Yodlee avers that no response to the allegations in Paragraph 234 is required; to the extent a response is required, Yodlee denies the allegations.

235.     The Court dismissed Count 6 of Plaintiffs' Second Amended Complaint in its Order dated July 19, 2021. Dkt. 88. Yodlee avers that no response to the allegations in Paragraph 235 is required; to the extent a response is required, Yodlee denies the allegations.

236.     The Court dismissed Count 6 of Plaintiffs' Second Amended Complaint in its Order dated July 19, 2021. Dkt. 88. Yodlee avers that no response to the allegations in Paragraph 236 is required; to the extent a response is required, Yodlee denies the allegations.

237.     The Court dismissed Count 6 of Plaintiffs' Second Amended Complaint in its Order dated July 19, 2021. Dkt. 88. Yodlee avers that no response to the allegations in Paragraph 237 is required; to the extent a response is required, Yodlee denies the allegations.

238.     The Court dismissed Count 6 of Plaintiffs' Second Amended Complaint in its Order dated July 19, 2021. Dkt. 88. Yodlee avers that no response to the allegations in Paragraph 238 is required; to the extent a response is required, Yodlee denies the allegations.

239.     The Court dismissed Count 6 of Plaintiffs' Second Amended Complaint in its Order dated July 19, 2021. Dkt. 88. Yodlee avers that no response to the allegations in Paragraph 239 is required; to the extent a response is required, Yodlee denies the allegations.

240.     The Court dismissed Count 6 of Plaintiffs' Second Amended Complaint in its Order dated July 19, 2021. Dkt. 88. Yodlee avers that no response to the allegations in Paragraph 240 is required; to the extent a response is required, Yodlee denies the allegations.

241.     The Court dismissed Count 6 of Plaintiffs' Second Amended Complaint in its Order dated July 19, 2021. Dkt. 88. Yodlee avers that no response to the allegations in Paragraph 241 is required; to the extent a response is required, Yodlee denies the allegations.

242.     The Court dismissed Count 6 of Plaintiffs' Second Amended Complaint in its Order dated July 19, 2021. Dkt. 88. Yodlee avers that no response to the allegations in Paragraph 242 is required; to the extent a response is required, Yodlee denies the allegations.

243.     The Court dismissed Count 6 of Plaintiffs' Second Amended Complaint in its Order dated July 19, 2021. Dkt. 88. Yodlee avers that no response to the allegations in Paragraph 243 is required; to the extent a response is required, Yodlee denies the allegations.

244.     The Court dismissed Count 6 of Plaintiffs' Second Amended Complaint in its Order dated July 19, 2021. Dkt. 88. Yodlee avers that no response to the allegations in Paragraph 244 is required; to the extent a response is required, Yodlee denies the allegations.

### ANSWERING SEVENTH CLAIM FOR RELIEF

245.     In response to Paragraph 245, Yodlee repeats and incorporates by reference each and every response set forth above as if fully set forth herein.

246.     Yodlee admits that Plaintiffs purport to bring these claims on behalf themselves and a Nationwide Class or alternatively a California Class, but Yodlee denies that class certification is proper and further denies that Plaintiffs or putative class members are entitled to any relief.

247.     Yodlee avers that the allegations in Paragraph 247 are legal conclusions to which no response is required. To the extent a response is required, Yodlee admits that Cal. Bus. & Prof. Code §§ 22948.1–3 contain the language quoted in Paragraph 247, but Yodlee denies the remaining allegations in Paragraph 247.

248.     Yodlee denies the allegations in Paragraph 248.

249.     Yodlee denies the allegations in Paragraph 249.

250.     Yodlee denies the allegations in Paragraph 250.

### ANSWERING EIGHTH CLAIM FOR RELIEF (WITHDRAWN)

251.     Plaintiffs withdrew Count 8 of their Second Amended Complaint in their Opposition to Yodlee's Motion to Dismiss dated June 10, 2021. Dkt. 78. Yodlee avers that no response to the allegations in Paragraph 251 is required; to the extent a response is required, Yodlee denies the allegations.

252.     Plaintiffs withdrew Count 8 of their Second Amended Complaint in their Opposition to Yodlee's Motion to Dismiss dated June 10, 2021. Dkt. 78. Yodlee avers that no response to the allegations in Paragraph 252 is required; to the extent a response is required, Yodlee denies the allegations.

253.     Plaintiffs withdrew Count 8 of their Second Amended Complaint in their Opposition to Yodlee's Motion to Dismiss dated June 10, 2021. Dkt. 78. Yodlee avers that no response to the

allegations in Paragraph 253 is required; to the extent a response is required, Yodlee denies the allegations.

254.     Plaintiffs withdrew Count 8 of their Second Amended Complaint in their Opposition to Yodlee's Motion to Dismiss dated June 10, 2021. Dkt. 78. Yodlee avers that no response to the allegations in Paragraph 254 is required; to the extent a response is required, Yodlee denies the allegations.

255.     Plaintiffs withdrew Count 8 of their Second Amended Complaint in their Opposition to Yodlee's Motion to Dismiss dated June 10, 2021. Dkt. 78. Yodlee avers that no response to the allegations in Paragraph 255 is required; to the extent a response is required, Yodlee denies the allegations.

256.     Plaintiffs withdrew Count 8 of their Second Amended Complaint in their Opposition to Yodlee's Motion to Dismiss dated June 10, 2021. Dkt. 78. Yodlee avers that no response to the allegations in Paragraph 256 is required; to the extent a response is required, Yodlee denies the allegations.

257.     Plaintiffs withdrew Count 8 of their Second Amended Complaint in their Opposition to Yodlee's Motion to Dismiss dated June 10, 2021. Dkt. 78. Yodlee avers that no response to the allegations in Paragraph 257 is required; to the extent a response is required, Yodlee denies the allegations.

258.     Plaintiffs withdrew Count 8 of their Second Amended Complaint in their Opposition to Yodlee's Motion to Dismiss dated June 10, 2021. Dkt. 78. Yodlee avers that no response to the allegations in Paragraph 258 is required; to the extent a response is required, Yodlee denies the allegations.

259.     Plaintiffs withdrew Count 8 of their Second Amended Complaint in their Opposition to Yodlee's Motion to Dismiss dated June 10, 2021. Dkt. 78. Yodlee avers that no response to the allegations in Paragraph 259 is required; to the extent a response is required, Yodlee denies the allegations.

260.    Plaintiffs withdrew Count 8 of their Second Amended Complaint in their Opposition to Yodlee's Motion to Dismiss dated June 10, 2021. Dkt. 78. Yodlee avers that no response to the allegations in Paragraph 260 is required; to the extent a response is required, Yodlee denies the allegations.

261.    Plaintiffs withdrew Count 8 of their Second Amended Complaint in their Opposition to Yodlee's Motion to Dismiss dated June 10, 2021. Dkt. 78. Yodlee avers that no response to the allegations in Paragraph 261 is required; to the extent a response is required, Yodlee denies the allegations.

262.    Plaintiffs withdrew Count 8 of their Second Amended Complaint in their Opposition to Yodlee's Motion to Dismiss dated June 10, 2021. Dkt. 78. Yodlee avers that no response to the allegations in Paragraph 262 is required; to the extent a response is required, Yodlee denies the allegations.

## ANSWERING NINTH CLAIM FOR RELIEF

263.    In response to Paragraph 263, Yodlee repeats and incorporates by reference each and every response set forth above as if fully set forth herein.

264.    Yodlee avers that the allegations in Paragraph 264 are legal conclusions to which no response is required. To the extent a response is required, Yodlee admits that Article 1, Section 1 of the California Constitution contains the excerpted language quoted in Paragraph 264, but Yodlee denies the remaining allegations in Paragraph 264.

265.    Yodlee denies the allegations in Paragraph 265.

266.    Yodlee denies the allegations in Paragraph 266.

267.    Yodlee denies the allegations in Paragraph 267.

268.    Yodlee denies the allegations in Paragraph 268.

269.    Yodlee denies the allegations in Paragraph 269.

270.    Yodlee denies the allegations in Paragraph 270.

271.    Yodlee denies the allegations in Paragraph 271.

272.    Yodlee denies the allegations in Paragraph 272.

273.     Yodlee denies the allegations in Paragraph 273.

## ANSWERING THE PRAYER FOR RELIEF

Yodlee denies the allegations in the Prayer for Relief, and further denies any liability to Plaintiffs or putative class members, denies that class certification is proper, and denies that Plaintiffs or putative class members are entitled to any relief.

## AFFIRMATIVE DEFENSES

Yodlee asserts the following affirmative defenses to the remaining claims in the Complaint: (1) alleged invasion of privacy (intrusion upon seclusion) ("Invasion of Privacy Claims"); (2) alleged violations of the California Constitutional Right to Privacy (together, with the Invasion of Privacy Claims, the "Privacy Claims"); (3) alleged unjust enrichment ("Unjust Enrichment Claims"); (4) alleged deceit ("Deceit Claims"); and (5) alleged violations of the California Anti-Phishing Act of 2005 ("Phishing Claims"). By designating the following defenses as affirmative defenses, Yodlee does not admit or acknowledge that it bears the burden of proof and/or burden of persuasion with respect to any such defense. Yodlee also gives notice that it intends to rely upon such other and further affirmative defenses of which it becomes aware during discovery in this action and reserves the right to amend its Answer to assert any such defenses.

## FIRST DEFENSE

Plaintiffs' Complaint fails to state any claims for which relief may be granted against Yodlee.

## SECOND DEFENSE

Plaintiffs lack standing to maintain any cause of action asserted in the Complaint because they were not injured as a result of the conduct specifically alleged in the Complaint, as is required to establish a "case or controversy" under Article III of the United States Constitution. Plaintiffs also have not alleged a certainly impending injury to confer standing for injunctive relief.

**THIRD DEFENSE**

Plaintiffs' claims are barred, in whole or in part, by laches and/or by the relevant statutes of limitations for each claim, including, without limitation, Cal. Code. Civ. P. § 335.1 and Cal. Civ. Code § 338(d).

**FOURTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, by the doctrines of estoppel, waiver, or unclean hands to the extent that Plaintiffs, after learning of Yodlee's role in connecting their financial account(s) to PayPal, voluntarily continued to use Yodlee's services and/or chose not to disconnect their financial accounts from PayPal.

**FIFTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, to the extent any allegedly wrongful conduct occurred outside of California or the application of California law to Plaintiffs or members of the putative class is otherwise improper.

**SIXTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because each and every harm alleged by Plaintiffs, if any, was not proximately caused by any unlawful act by Yodlee. Rather, the harms Plaintiffs allegedly suffered, if any, were caused by superseding and intervening causes including factors, persons, or entities other than Yodlee.

**SEVENTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs' claimed injuries and damages, if any, were caused by the acts and omissions of persons, individuals, and entities other than Yodlee.

**EIGHTH DEFENSE**

Plaintiffs' claims are barred in whole or in part due to the absence of any injury or damage for which Yodlee's actions or conduct were the legal cause; and/or because the alleged injury is too speculative and uncertain, and it is impossible to ascertain and allocate such alleged damages with reasonable certainty.

**NINTH DEFENSE**

Plaintiffs' claims are barred to the extent that Plaintiffs recover or have recovered any alleged damages or restitution already, including from sources other than Yodlee.

**TENTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because at all material times, Yodlee exercised commercially reasonable best efforts to protect users' data.

**ELEVENTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because they consented to any and all Yodlee conduct involving them. For example, Plaintiffs consented to Yodlee's access to their information in connection with the instant account verification process when they linked their financial account(s) to PayPal and agreed to PayPal's Privacy Statement, terms of service, and account-linking disclosures.

**TWELFTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because Yodlee did not share any of Plaintiffs' personally identifiable information and did not share data in a manner that allowed it to be identified with Plaintiffs.

**THIRTEENTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs do not maintain a legally protected privacy interest over any data they allege Yodlee has licensed to third parties, because Plaintiffs' conduct eliminated any reasonable expectation of privacy over any such information, and because any information was shared with Plaintiffs' explicit permission, consent, and/or ratification.

**FOURTEENTH DEFENSE**

Plaintiffs' claims, including the Privacy Claims, are barred, in whole or in part, because Yodlee's alleged conduct did not constitute an invasion of privacy involving data in which Plaintiffs have a reasonable expectation of privacy and/or an invasion of privacy that is serious and/or "highly offensive" to a reasonable person. Any invasion of privacy was justified because it substantially furthered countervailing interests.

### FIFTEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs were not deceived by Yodlee, Yodlee did not engage in conduct or commit actions that were likely to deceive consumers, and/or Yodlee did not conceal or omit any facts it was bound to disclose to Plaintiffs.

### SIXTEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Yodlee did not intentionally conceal any material fact that it had a duty to disclose to Plaintiffs with the intent of defrauding Plaintiffs.

### SEVENTEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs ratified any and all Yodlee conduct involving them. For example, Plaintiffs knowingly consented to use Yodlee's services when they chose to link their financial account(s) to PayPal. Further, on information and belief, despite knowing of Yodlee's role in connecting their financial account(s) to PayPal, Plaintiffs voluntarily continued to use Yodlee's services and or/chose not to disconnect their financial accounts from PayPal.

### EIGHTEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs proceeded with knowledge and/or awareness of the occurrences that form the bases of their claims and were not deceived.

### NINETEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs would be unjustly enriched if they recover from Yodlee for any of the conduct alleged in the Complaint.

### TWENTIETH DEFENSE

Plaintiffs' Phishing Claims are barred by the doctrine of due process. Plaintiffs' statutory damages claims under California's Anti-Phishing Act are grossly disproportionate to any such harm Plaintiffs allege they incurred. Plaintiffs have not alleged that they were the victims of a phishing scheme that led to identity theft, caused their accounts to be hijacked, or otherwise harmed or affected them in another way; rewarding them for the lack of any alleged harm would be grossly excessive. The doctrine of due process prohibits the imposition of grossly excessive punishments on alleged tortfeasors,

1  and thus prohibits Plaintiffs from seeking such damages against Yodlee in this Action. *See generally St.*

2  *Louis, I. M. & S. Ry. Co. v. Williams*, 251 U.S. 63 (1919).

### TWENTY-FIRST DEFENSE

4  Plaintiffs' Phishing Claims are barred because Yodlee and/or their customers had the authority or

5  approval of financial institutions to display their logos during the account linking process.

### TWENTY-SECOND DEFENSE

7  Plaintiffs' Unjust Enrichment claims are barred because there is no cause of action for unjust

8  enrichment under California law. *See Melchior v. New Line Productions, Inc.*, 106 Cal. App. 4th 779

9  (2003).

### TWENTY-THIRD DEFENSE

11  Plaintiffs' claims may not properly be certified or maintained as a class action, including because

12  Plaintiffs do not satisfy the requirements of Rule 23(a), Rule 23(b)(2), or Rule 23(b)(3).

### TWENTY-FOURTH DEFENSE

14  Certification of the alleged putative class, as articulated in the Complaint, would fail to provide

15  adequate due process protections and would violate the Rules Enabling Act, 28 U.S.C. § 2072, inasmuch

16  as it would constitute trial by formula and unfairly restrict Yodlee's right to litigate affirmative defenses

17  to the individual claims of Plaintiffs and each member of the putative class, and therefore deny Yodlee

18  the protection of the Due Process Clause of the United States Constitution and violate the Rules

19  Enabling Act.

### TWENTY-FIFTH DEFENSE

21  Plaintiffs' claims for relief violate Yodlee's rights to due process under the United States

22  Constitution and are inconsistent with Rule 23 to the extent Plaintiffs and the alleged classes seek relief

23  on behalf of purported class members who have not suffered any damages.

### TWENTY-SIXTH DEFENSE

25  To the extent that Plaintiffs are entitled to any relief, Plaintiffs are not entitled to any equitable

26  relief because they have an adequate remedy at law and the relief they request is not the proper subject

27  of a judicial remedy.

**TWENTY-SEVENTH DEFENSE**

Plaintiffs failed to mitigate any damages they suffered and are therefore barred from recovering mitigatable damages.

**TWENTY-EIGHTH DEFENSE**

Plaintiffs' claims for punitive or exemplary damages are barred or reduced by applicable law or are unconstitutional insofar as they violate the due process protections afforded by the United States Constitution, the excessive fines clause of the Eighth Amendment of the United States Constitution, the Full Faith and Credit Clause of the United States Constitution, Article 1, Section 17 of the Constitution of the State of California, and any other applicable provisions of the United States Constitution, the Constitution of California, or that of any other state whose laws may apply. *See, e.g.*, *BMW of N. Am. v. Gore*, 517 U.S. 559 (1996).

## <u>PRAYER FOR RELIEF</u>

WHEREFORE, neither Plaintiffs nor the members of the proposed class are entitled to any of the relief sought in the Complaint. Accordingly, Yodlee respectfully requests that this Court dismiss the Complaint with prejudice and grant Yodlee such other relief as the Court deems appropriate.

DATED: September 1, 2021

COVINGTON & BURLING LLP

By: */s/ Simon J. Frankel*

SIMON J. FRANKEL (SBN 171552)
JENNA L. ZHANG (SBN 336105)
COVINGTON & BURLING LLP
Salesforce Tower
415 Mission Street, Suite 5400
San Francisco, CA 94105-2533
Telephone: + 1 (415) 591-6000
Facsimile: + 1 (415) 591-6091
Email: sfrankel@cov.com
Email: jzhang@cov.com

ERIC C. BOSSET (*pro hac vice*)
ANDREW J. VADEN (SBN 308942)
DANIEL RIOS (*pro hac vice*)
COVINGTON & BURLING LLP
One CityCenter, 850 10th Street NW
Washington, D.C. 20001
Telephone: +1 (202) 662-6000
Facsimile: +1 (202) 662-6291
Email: ebosset@cov.com
Email: avaden@cov.com
Email: drios@cov.com

*Attorneys for Yodlee, Inc.*