Christian Levis (admitted *pro hac vice*)
Amanda Fiorilla (admitted *pro hac vice*)
**LOWEY DANNENBERG, P.C.**
44 South Broadway, Suite 1100
White Plains, NY 10601
Telephone: (914) 997-0500
Facsimile: (914) 997-0035
clevis@lowey.com
afiorilla@lowey.com

Aaron M. Sheanin (SBN 214472)
asheanin@robinskaplan.com
Christine S. Yun Sauer (SBN 314307)
cyunsauer@robinskaplan.com
**ROBINS KAPLAN LLP**
2006 Kala Bagai Way, Suite 22
Berkeley, CA 94704
Telephone:   (650) 784-4040
Facsimile:    (650) 784-4041

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DEBORAH WESCH, DARIUS CLARK, JOHN H. COTTRELL, WILLIAM B. COTTRELL, RYAN HAMRE, GREG HERTIK, DAISY HODSON, DAVID LUMB, KYLA ROLLIER AND JENNY SZETO, individually and on behalf of all others similarly situated,<br><br>                    Plaintiffs,<br>       v.<br><br>YODLEE, INC., a Delaware corporation,<br><br>                    Defendant. | Case No. 3:20-cv-05991-SK<br><br>**PLAINTIFFS' MOTION TO STRIKE AFFIRMATIVE DEFENSES**<br><br>Judge:      Hon. Sallie Kim<br>Hearing:   December 6, 2021<br>Time:       9:30 a.m.<br>Place:       Courtroom C – 15th Floor<br>                 450 Golden Gate Ave.,<br>                 San Francisco, CA 94102<br>Date Filed:  October 20, 2021 |

**NOTICE OF MOTION**

**PLEASE TAKE NOTICE THAT** on December 6, 2021, at 9:30 a.m., or as soon thereafter as the matter may be heard, in the courtroom of the Honorable Sallie Kim, located in Courtroom C, 15th Floor, at 450 Golden Gate Avenue, San Francisco, California, Plaintiffs will and hereby do move the Court, pursuant to Federal Rule of Civil Procedure 12(f), for an order striking Defense Nos. 1-3, 5-9, 14-16, 18-19, and 23-28 asserted in Defendant Yodlee, Inc.'s ("Yodlee") Answer to the Second Amended Class Action Complaint. *See* ECF No. 99 ("Answer"). This motion is based upon this notice of motion and motion, the memorandum of points and authorities below, all papers and pleadings on file with the Court, and such other written or oral argument and materials as may be presented before the Court takes this motion under submission.

**STATEMENT OF THE ISSUES**

1. Whether Yodlee's Defense Nos. 1-2, 6-8, 14-16, 18, and 23-26 should be stricken pursuant to FED. R. CIV. P. 12(f) because they are not valid affirmative defenses.

2. Whether Yodlee's Defense Nos. 1-3, 5-9, 19, and 23-28 alleged in its Answer should be stricken as insufficient because they fail to provide fair notice under FED. R. CIV. P. 8.

# INTRODUCTION

Taking a "kitchen sink" approach to this litigation, Yodlee's Answer includes more than a dozen "affirmative defenses" that fail to pass muster under the Federal Rules of Civil Procedure. In fact, Defense Nos. 1-2, 6-8, 14-16, 18, and 23-26 are not affirmative defenses at all, but rather "negative defenses" that merely deny Plaintiffs' well-pled allegations. Defense Nos. 1-3, 5-9, 19 and 23-28 fail to satisfy the notice requirements of Rule 8 because they simply rely on bare conclusions or boilerplate language, and are devoid of any supporting law or facts. There is no debate that none of these defenses can stand in Yodlee's Answer. Yet despite Plaintiffs' efforts to meet and confer with Yodlee over these glaring deficiencies, Yodlee refuses to withdraw even a single affirmative defense. Yodlee's flouting of the Federal Rules in this way would require Plaintiffs to waste their resources conducting extensive discovery into numerous spurious and insufficiently pleaded defenses. Instead, the Court should grant Plaintiffs' motion and strike these defenses under Rule 12(f).

# BACKGROUND

Plaintiffs commenced this action on August 25, 2020, alleging that Yodlee collects and sells users' highly personal and sensitive financial data without their consent. *See* Complaint, ECF No. 1. Plaintiffs' First Amended Complaint (the "FAC"), filed October 21, 2020, alleged ten causes of action. *See* ECF No. 30.

Yodlee moved to dismiss the FAC on November 4, 2020. ECF No. 32. The motion raised several arguments, including that Plaintiffs had no reasonable expectation of privacy in the data Yodlee collected, shared, and sold (*id.* at 5) and that Plaintiffs had failed to plead certain claims in conformance with Rule 9(b)'s heightened pleading requirements. *Id.* at 4, 21-22. This Court, in a well-reasoned opinion, rejected both of those theories, among others, and sustained Plaintiffs' claims for invasion of privacy under the common law and the California Constitution, unjust enrichment, violation of Cal. Civ. Code § 1709, and violation of the California Anti-Phishing Act of 2005. *See* Order Regarding Motions to Dismiss, ECF No. 54. Plaintiffs then filed their Second Amended Complaint (*see* ECF No. 58) and Yodlee once again moved to dismiss. *See* ECF No. 66. On July 19, 2021, the Court granted in part and denied in part Yodlee's motion to dismiss, again

rejecting Yodlee's renewed arguments against the Anti-Phishing Act claims. Order Regarding Motion to Dismiss Second Amended Complaint, ECF No. 88.

On September 1, 2021, Yodlee filed its Answer to Plaintiffs' Second Amended Complaint alleging *twenty-eight* affirmative defenses. *See* Answer at 29-34. A majority of these defenses fall into one of two categories: (1) boilerplate affirmative defenses, or (2) "negative," i.e., non-affirmative defenses that deny the well-pled allegations. For instance, Yodlee's First Defense is a boilerplate affirmative defense lacking any factual support:

### FIRST DEFENSE

> Plaintiffs' Complaint fails to state any claims for which relief may be granted against Yodlee.

Yodlee's Sixteenth Defense is an example of a "negative" affirmative defense that simply states that Plaintiffs have failed to meet their burden of proof:

### SIXTEENTH DEFENSE

> Plaintiffs' claims are barred, in whole or in part, because Yodlee did not intentionally conceal any material fact that it had a duty to disclose to Plaintiffs with the intent of defrauding Plaintiffs.

Plaintiffs sent Yodlee a letter on September 14, 2021, explaining why the vast majority of their defenses are merely boilerplate that fail to satisfy Rule 8(a) and/or are "negative" defenses simply stating that Plaintiffs had failed to prove their claims. Ex. A. Plaintiffs invited Yodlee to amend its Answer to address these issues. *Id.* On September 16, 2021, Yodlee requested additional information about the affirmative defenses Plaintiffs sought to challenge and asked Plaintiffs to explain how they would be prejudiced by their inclusion in Yodlee's Answer. Ex. B. Plaintiffs provided a detailed response on September 22, 2021 by letter, specifying the deficiencies in Yodlee's affirmative defenses and explaining that prejudice is not required for a motion to strike negative defenses. Ex. C. The parties met-and-conferred about these issues on September 28, 2021 and followed up with subsequent correspondence. Ex. D. Despite Plaintiffs' efforts to narrow the disputed issues and avoid the need for Court intervention, Yodlee notified Plaintiffs by letter on September 29, 2021 that it would not be amending its Answer, proposing instead as a purported "compromise" that the parties enter a stipulation stating that Plaintiffs bear the burden of proof on Yodlee's negative defenses. Ex. E. As this "compromise" does not rectify the impropriety of

Yodlee's defenses, and because Yodlee "decide[d] not to amend its answer," Plaintiffs filed this motion to strike in accordance with the stipulated schedule entered by the Court. ECF No. 106.

## ARGUMENT

Several of Yodlee's defenses are not "affirmative defenses" at all. Specifically, Defense Nos. 1-2, 6-8, 14-16, 18, and 23-26 allege only that Plaintiffs have failed to plead the elements of claims asserted in the Complaint, or otherwise deny the well-pled allegations, rather than asserting a true defense for which Yodlee bears the burden of proof. *Perez v. Gordon & Wong Law Group, P.C.*, No. 11-CV-03323-LHK, 2012 WL 1029425, at *7 (N.D. Cal. Mar. 26, 2012) (explaining that "[t]he defendant bears the burden of proof on an affirmative defense"). These "negative defenses" do not survive judicial scrutiny and should be stricken from Yodlee's Answer. *See* Section I, below.

Many of Yodlee's defenses also suffer from a separate defect in that they are insufficient affirmative defenses under Federal Rule of Civil Procedure 12(f). The purpose of a Rule 12(f) motion is to avoid spending time and money "litigating spurious issues by dispensing with those issues" before trial. *See Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517 (1994). Yodlee's Defenses Nos. 1-3, 5-9, 19, and 23-28 raise the very type of "spurious issue" that the Ninth Circuit has warned should be weeded out. Yodlee has failed to allege a plausible factual basis for any of these defenses, relying instead on conclusory boilerplate language that, on its face, fails to meet the pleading standard. *See* Section II, below. These defenses should be stricken.

### I. YODLEE'S DEFENSE NOS. 1-2, 6-8, 14-16, 18, AND 23-26 ARE NOT AFFIRMATIVE DEFENSES AND SHOULD BE STRICKEN

Yodlee's "affirmative defenses" Nos. 1-2, 6-8, 14-16, 18, and 23-26 must be stricken because they are not affirmative defenses at all. Defenses that merely deny or attempt to rebut Plaintiffs' allegations—what courts often call "negative defenses"—are not truly affirmative defenses and fail as a matter of law.

As the Ninth Circuit has explained, a defense alleging "that plaintiff has not met its burden of proof is not an affirmative defense." *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002); *see also Barnes v. AT & T Pension Benefit Plan-Nonbargained Program*, 718 F. Supp. 2d 1167, 1173 (N.D. Cal. 2010) (striking with prejudice defenses that the court recognized as

"merely rebuttal against the evidence presented by the plaintiff" rather than legitimate affirmative defenses); *Delson v. Barron Egg Shop of MontClair*, No. C 12-06454 RS, 2013 WL 12411137, at *2-3 (N.D. Cal. Apr. 22, 2013) ("negative defenses" that "simply provide[] a basis to negate an element of plaintiff's prima facie case" are "negative defenses" that "must be stricken."); *Munoz v. PHH Corp.*, No. 1:08-cv-0759-AWI-BAM, 2013 WL 1278509, at *3 (E.D. Cal. Mar. 26, 2013) ("[D]enials of the allegations in the complaint or allegations that the plaintiff cannot prove the elements of his claim are not affirmative defenses."); *J&J Sports Prods. v. Mendoza-Govan*, No. C10-05123, 2011 WL 1544886, at *3 (N.D. Cal. Apr. 25, 2011) (same) (internal citation omitted).

Just like the defense rejected in *Barnes*, Yodlee's First Defense states that Plaintiffs "fail[] to state a claim for which relief may be granted[,]" but "[f]ailure to state a claim is not a proper affirmative defense[.]" 718 F. Supp. 2d at 1174; *see also Jacobson v. Persolve, LLC*, No. 14-cv-00735-LHK, 2014 WL 4090809, at *7 (N.D. Cal. Aug. 19, 2014) (same); *Joe Hand Promotions, Inc. v. Williams*, No. 2:14-cv-02663-JAM-AC, 2016 WL 5109474, at *2 (E.D. Cal. Sept. 19, 2016) (same). Likewise, Yodlee's Second Defense disputes that Plaintiffs have Article III standing, but "lack of standing is not in fact an affirmative defense." *See Hernandez v. County of Monterey*, 306 F.R.D. 279, 286 (N.D. Cal. 2015) (striking standing defense).

Yodlee's Sixth, Seventh, and Eighth Defenses are all different variations of stating that Plaintiffs cannot prove the causation element of their claims. Here, too, a defense arguing lack of causation is "directed towards an element of plaintiff's prima facie case" and "is not a proper affirmative defense." *LumaSense Techs., Inc. v. Advanced Eng'g Svcs.*, No. 20-cv-7905-WHO, 2021 WL 2953237, at *5 (N. D. Cal. July 14, 2021).

Likewise, Yodlee's Fourteenth, Fifteenth, Sixteenth, and Eighteenth Defenses each deny an element of Plaintiffs' substantive claims by arguing that Yodlee's conduct did not constitute invasion of privacy, deceit, or fraud. Again, the Ninth Circuit is clear that a defense asserting: "that a plaintiff has not met its burden of proof is not an affirmative defense." *Zivkovic*, 302 F.3d at 1088. Yodlee's Twenty-Third, Twenty-Fourth, and Twenty-Fifth Defenses argue that Plaintiffs cannot satisfy the requirements of class certification, a part of Plaintiffs' prima facie case. Courts routinely strike such defenses. *See Fishman v. Tiger Nat. Gas Co.*, No. C 17-05351 WHA, 2018 WL

4468680, at *6 (N.D. Cal. Sept. 18, 2018) (striking, without leave to amend, nine affirmative defenses because "the requirements for obtaining class certification are part of plaintiffs' prima facie case[]"); *see also ABC Distrib. Co. v. Living Essentials LLC*, No. 15-cv-02064 NC, 2016 WL 8114206, at *3 (N.D. Cal. Apr. 26, 2016) (striking various defenses related to class certification without leave to amend).

Lastly, Yodlee's Twenty-Sixth Defense attempts to dispute Plaintiffs' contention that they lack an adequate remedy at law, a fundamental part of Plaintiffs' claim for declaratory and injunctive relief. Courts reject these defenses, too. *Barnes*, 718 F. Supp. 2d at 1174 (striking affirmative defense that Plaintiffs are not entitled to injunctive relief as an improper negative defense).

Each of these so-called affirmative defenses are "negative defenses," which are improper and should be stricken.

## II.     YODLEE'S BOILERPLATE DEFENSE NOS. 1-3, 5-9, 19, AND 23-28 SHOULD BE STRICKEN

The Court must strike Yodlee's Defense Nos. 1-3, 5-9, 19, and 23-28 because Yodlee failed to provide any factual basis in support of them. Rule 8(c) of the Federal Rules of Civil Procedure requires parties to "affirmatively state any avoidance or affirmative defense." Courts in this District "have consistently held that the heightened pleading standard under *Twombly/Iqbal* applies to affirmative defenses in order to provide fair notice." *LumaSense Techs.,* 2021 WL 2953237, at *5; *Snap! Mobile, Inc. v. Croghan*, No. 18-cv-04686-LHK, 2019 WL 884177, at *2 (N.D. Cal. Feb. 22, 2019) (same). Under this standard, defenses that state mere boilerplate legal conclusions without factual support are insufficient and must be stricken. *See Solis v. Zenith Capital, LLC*, No. C 08-4854 PJH, 2009 WL 1324051, at *2 (N.D. Cal. May 8, 2009) ("Where an affirmative defense simply states a legal conclusion or theory without the support of facts explaining how it connects to the instant case, it is insufficient and will not withstand a motion to strike."); *Hartford Underwriters Ins. Co. v. Kraus USA, Inc.*, 313 F.R.D. 572, 576 (N.D. Cal. 2016) ("[M]ere reference to a legal doctrine is not a sufficient affirmative defense absent allegations of supporting facts."); *Erickson Productions, Inc. v. Kast*, No. 5:13-cv-05472 HRL, 2014 WL 1652478, at *2 (N.D. Cal. Apr. 23, 2014) (citing *Barnes,* 718 F. Supp. 2d at 1170, 1172) (explaining that a defense is

6

insufficient if it "fails to point to the existence of some identifiable fact that would make the affirmative defense plausible on its face"); *Vogel v. Huntington Oaks Del. Partners, LLC*, 291 F.R.D. 438, 441 (C.D. Cal. 2013) (striking defenses because defendant's "Answer fails to provide factual support for any [of the affirmative defenses]," instead providing only "a barebones recitation of legal doctrines, leaving [plaintiff] to guess how they apply to his claims").

Yodlee's Defenses Nos. 1-3, 5-9, 19, and 23-28 are improper because they are devoid of any factual support, leaving Plaintiffs to guess how they would apply to Plaintiffs' sustained claims. Yodlee's First Defense states in boilerplate fashion that "Plaintiffs' Complaint fails to state any claims for which relief may be granted against Yodlee." Answer at 29. It is unclear from this conclusory statement what factual support Yodlee has for this assertion, or to which specific claims, if any, Yodlee's defense applies. Yodlee's Second Defense states that Plaintiffs "lack standing" but fails to state why that may be the case, or provide any factual allegations supporting that claim. Answer at 29. Yodlee's Third Defense states that "laches" and "relevant statutes of limitations for each claim" bar Plaintiffs' claims (*id.* at 30), but do not specify the applicable limitations period or why, based on the facts, Yodlee believes it may have run, let alone any facts to support laches. Yodlee's Fifth Defense states that Plaintiffs' claims are barred because the "allegedly wrongful conduct" occurred "outside of California," without specifying what particular conduct occurred outside the state or any other facts in support of that assertion. *See id*. Yodlee then states Plaintiffs' claims are otherwise barred because "the application of California law" would "otherwise [be] improper." *Id.* But, again, Plaintiffs are left with no facts to determine why this would be the case.

Yodlee's Sixth, Seventh, Eighth, and Ninth Defenses—each challenging whether Plaintiffs have adequately alleged causation—lack any factual support for these assertions. For instance, Yodlee's Sixth Defense states in boilerplate fashion that Plaintiffs' harm was not "proximately caused" by Yodlee and was, instead, caused by "superseding and intervening causes including factors, persons or entities other than Yodlee." *Id.* Plaintiffs have no way to ascertain who these "factors, persons or entities" are that Yodlee claims cut off the chain of causation. Yodlee's Seventh and Ninth Defenses suffer from the same defect, blaming Plaintiffs' injuries on other "persons, individuals, and entities" or "sources other than Yodlee" without specifying who these other

persons may be or how they are responsible for Plaintiffs' injuries or damages. *Id.* at 29-30. Yodlee's Eighth Defense states that Plaintiffs' claims are barred because their injuries are not caused by Yodlee or because the injuries are too "speculative and uncertain." *Id.* Not only is it unclear whether Yodlee is arguing that Plaintiffs cannot establish causation or, on the other hand, non-speculative injury, but—like Yodlee's other defenses—this defense is a bare legal conclusion.

Yodlee's Nineteenth Defense states that Plaintiffs' claims are barred because they would be "unjustly enriched" (*id.* at 32), but—because of the lack of factual support—Plaintiffs cannot evaluate this defense at all.

Yodlee's Twenty-Third, Twenty-Fourth, and Twenty-Fifth Defenses all attack the propriety of class certification, (*id.* at 33), but again, these defenses lack a single fact from which Plaintiffs can derive their basis. Like Yodlee's other defenses, Yodlee's Twenty-Sixth, Twenty-Seventh and Twenty-Ninth Defenses simply deny that Plaintiffs are entitled to damages or other relief without alleging any facts in support. *Id.* at 33 (stating as its Twenty-Sixth Defense that "Plaintiffs are not entitled to any equitable relief because they have an adequate remedy at law . . . ."); *id.* at 34 (stating as its Twenty-Seventh Defense that "Plaintiffs failed to mitigate any damages they suffered . . . ."); *id.* (stating as its Twenty-Eighth Defense that "Plaintiffs' claims for punitive or exemplary damages are barred or reduced by applicable law or are unconstitutional . . . ."). These barebones affirmative defenses fall far short of the pleading standard articulated in *Twombly* and *Iqbal* and must be stricken.

### III. PLAINTIFFS ARE NOT REQUIRED TO DEMONSTRATE PREJUDICE TO STRIKE IMPROPER AFFIRMATIVE DEFENSES

Yodlee may argue that some, if not all, of these purported affirmative defenses are proper because Plaintiffs have not demonstrated that they will be prejudiced if they are allowed to remain in the Answer. To the extent Yodlee takes this position, it is a straw man that should be rejected. The Federal Rules and the law in this District are clear: "a motion to strike an insufficient affirmative defense does not require a prejudice showing." *Hartford Underwriters Ins. Co.,* 313 F.R.D. at 575 (internal citation omitted); *see also Delson*, 2013 WL 12411137, at *2-3 (striking negative affirmative defenses as improper on their face, without requiring a showing of prejudice). Nevertheless, even if there were a requirement of prejudice—which there is not—"the burden of

conducting discovery regarding irrelevant and unsustainable affirmative defenses constitutes such prejudice." *Hartford Underwriters Inc. Co.,* 313 F.R.D. at 575 (quoting *Bonshahi v. Fedex Corp.*, No. C12-2471 THE, 2012 WL 3638608, at *2 (N.D. Cal. Aug. 22, 2012)).

Plaintiffs have no obligation to show that they are prejudiced by Yodlee's improper affirmative defenses. Yet because conducting discovery to address these spurious defenses would impose costs and burdens on Plaintiffs, the defenses *do* prejudice Plaintiffs. The Court should strike them.

## **CONCLUSION**

For the foregoing reasons, Yodlee's Defense Nos. 1-2, 6-8, 14-16, 18, and 23-26 should be stricken because they are not affirmative defenses and Yodlee's Defense Nos. 1-3, 5-9, 19, and 23-28 should be stricken as insufficient because they fail to provide fair notice under FED. R. CIV. P. 8.

Dated:  October 20, 2021

*/s/ Christian Levis*
Christian Levis (admitted *pro hac vice*)
Amanda Fiorilla (admitted *pro hac vice*)
**LOWEY DANNENBERG, P.C.**
44 South Broadway, Suite 1100
White Plains, NY 10601
Telephone: (914) 997-0500
Facsimile: (914) 997-0035
clevis@lowey.com
afiorilla@lowey.com

Anthony M. Christina (admitted *pro hac vice*)
**LOWEY DANNENBERG, P.C.**
One Tower Bridge
100 Front Street, Suite 520
West Conshohocken, PA 19428
Telephone: (215) 399-4770
Facsimile: (914) 997-0035
achristina@lowey.com

Aaron M. Sheanin (SBN 214472)
Christine S. Yun Sauer (SBN 314307)
2006 Kala Bagai Way, Suite 22 Berkeley, CA 94704
Telephone: (650) 784-4040 Facsimile: (650) 784-4041
asheanin@robinskaplan.com
cyunsauer@robinskaplan.com

Kellie Lerner (pro hac vice forthcoming)
David Rochelson (pro hac vice)

**ROBINS KAPLAN LLP**
900 Third Avenue, Suite 1900
New York, NY 10022
Telephone: (212) 980-7400
Facsimile: (212) 980-7499
klerner@robinskaplan.com
drochelson@robinskaplan.com

Thomas J. Undlin (pro hac vice forthcoming)
**ROBINS KAPLAN LLP**
800 LaSalle Avenue, Suite 2800
Minneapolis, MN 55402
Telephone: (612) 349-8500
Facsimile: (612) 339-4181
tundlin@robinskaplan.com

John Emerson (pro hac vice forthcoming)
**EMERSON FIRM, PLLC**
2500 Wilcrest Drive Suite 300
Houston, TX 77042
Telephone: (800) 551-8649
Facsimile: (501) 286-4659
jemerson@emersonfirm.com

Robert Kitchenoff (pro hac vice forthcoming)
**WEINSTEIN KITCHENOFF & ASHER LLC**
150 Monument Road, Suite 107
Bala Cynwyd, PA 19004
Telephone: (215) 545-7200
kitchenoff@wka-law.com

Adam Frankel (pro hac vice forthcoming)
**GREENWICH LEGAL ASSOCIATES LLC**
881 Lake Avenue Greenwich, CT 06831
Telephone: (203) 622.6001
adam@grwlegal.com

*Attorneys for Plaintiffs and the Proposed Class*