# **<u>EXHIBIT A</u>**



2006 KALA BAGAI WAY
SUITE 22
BERKELEY, CA 94704

650 784 4040 TEL
650 784 4041 FAX
ROBINSKAPLAN.COM

AARON M. SHEANIN
650 784 4026 TEL
ASHEANIN@ROBINSKAPLAN.COM

September 14, 2021 *Via Email*

Eric C. Bosset
Covington & Burling LLP
One CityCenter
850 10th Street NW Washington, D.C. 20001

Re:   *Wesch v. Yodlee*, Case No. 3:20-cv-5991 (N.D. Cal.)

Eric:

We write with regard to Defendant Yodlee's ("Yodlee's") September 1, 2021 Answer and Affirmative Defenses to the Second Amended Complaint ("Yodlee's Answer"), ECF No. 99. Yodlee's Answer contains 28 affirmative defenses, many of which are improper.

Several of the defenses in Yodlee's Answer simply are not affirmative defenses. "An affirmative defense . . . is a defense that does not negate the elements of the plaintiff's claim, but instead precludes liability even if all of the elements of the plaintiff's claim are proven. It is a defense on which the defendant has the burden of proof." *Barnes v. AT & T Pension Ben. Plan-Nonbargained Program*, 718 F. Supp. 2d 1167, 1173 (N.D. Cal. 2010) (citations omitted). "A defense which demonstrates that plaintiff has not met its burden of proof is not an affirmative defense." *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002); *see also Fed. Trade Comm'n v. Lending Club Corp.*, 2019 WL 7488991, at *1-2 (N.D. Cal. Apr. 29, 2019) (similar).

Many of Yodlee's defenses run afoul of this rule as they are negative, rather than affirmative defenses, and thus improper. For example, Yodlee's First Defense states that "Plaintiffs' Complaint fails to state any claims for which relief may be granted against Yodlee." ECF No. 99 at 29. But "[f]ailure to state a claim is not a proper affirmative defense." *Lending Club*, 2019 WL 7488991, at *1-2 (citation omitted). Yodlee's Second Defense also asserts a negative argument: that "Plaintiffs lack standing to maintain any cause of action asserted in the Complaint. . . ." ECF No. 99 at 29. A defense that "'Plaintiff lacks standing to pursue the claims asserted in [the] action,' is not an affirmative defense but rather a denial of the Plaintiff's allegations contained in the complaint." *Perez v. Gordon & Wong Law Grp., P.C.*, 2012 WL 1029425, at *11 (N.D. Cal. Mar. 26, 2012). Several of Yodlee's other defenses, including the Sixth, Seventh and Eighth Defenses, suffer similar defects, contending that Plaintiffs have not established that Yodlee's actions were the legal or proximate cause of Plaintiffs' injuries. ECF No. 99 at 30. But a failure of causation is not an affirmative defense. *Acasio v. Lucy*, No. 14-CV-04689-JSC, 2017 WL

September 14, 2021
Page 2

1316537, at *16 (N.D. Cal. Apr. 10, 2017). Neither Yodlee's Fourteenth Defense, which claims that Plaintiffs have no reasonable expectation of privacy in their data or that Yodlee's conduct was not highly offensive. ECF No. 99 at 31. This is nothing more than an argument that Plaintiffs have not established the elements of a claim for intrusion upon seclusion. Nor are the contentions raised by Yodlee's Fifteenth and Eighteenth Defenses that Plaintiffs "were not deceived" (ECF No. 99 at 32), and in its Sixteenth Defense that "Yodlee did not intentionally conceal any material fact that it had a duty to disclose (*id.*). Each of these are "negative defenses" and "must be stricken." *Delson v. Barron Egg Shop of MontClair*, No. C 12-06454 RS, 2013 WL 12411137, at *3 (N.D. Cal. Apr. 22, 2013); *see generally F.T.C. v. Think All Pub. L.L.C.,* 564 F. Supp. 2d 663, 665 (E.D. Tex. 2008) (explaining that negative defenses are "the equivalent of the defendant saying, 'I did not do it,'" and are not affirmative defenses).

Further, many of Yodlee's defenses are insufficiently pled. The pleading standard articulated in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) applies equally to Plaintiffs' claims and Yodlee's affirmative defenses. Under this standard, "a defense is insufficiently pled if it fails to give the plaintiff fair notice of the nature of the defense." *Barnes*, 718 F. Supp. 2d at 1171. Several of Yodlee's defenses, for instance its Twenty-Third, Twenty-Fourth and Twenty-Fifth defenses, pertaining to class certification, do not even attempt to articulate the basis for Yodlee's defenses and, as a result, have not provided sufficient notice to Plaintiffs. ECF No. 99 at 33.

The examples we've provided, while non-exhaustive, demonstrate that a motion to strike many of Yodlee's affirmative defenses under Federal Rule of Civil Procedure 12(f) would be proper, and Plaintiffs are prepared to proceed with such a motion. The more efficient course, however, may be for Yodlee to amend its answer to withdraw its improper affirmative defenses, or provide authority supporting its assertion of those defenses. Under Rule 12(f), Plaintiffs' motion to strike is currently due September 22, 2021. We propose entering into a stipulation that would: (1) allow Yodlee until September 29, 2021 to notify Plaintiffs whether Yodlee intends to file an amended answer to address deficiencies in its affirmative defenses as currently pled; (2) allow Yodlee until October 20, 2021 to file an amended answer, should it so choose; and (3) extend the deadline for Plaintiffs to file a motion to strike any improper affirmative defenses in Yodlee's answer, should Yodlee decline to amend, until October 20, 2021. Of course, should Yodlee choose to amend, Plaintiffs reserve all rights to move to strike any improper affirmative defenses that remain in the amended answer. Please advise us by close of business on Friday, September 17, 2021, if Yodlee is amenable to entering into the proposed stipulation.

September 14, 2021
Page 3

      As always, we are available to discuss.

                                        Sincerely,

                                        */s/ Aaron M. Sheanin*
                                        Aaron M. Sheanin

                                        */s/ Christian Levis*
                                          Christian Levis