# **EXHIBIT C**



September 22, 2021

**VIA E-MAIL**
Jenna Zhang
Covington & Burling LLP
415 Mission Street, Suite 5400
San Francisco, CA 94105-2533

   Re: *Wesch v. Yodlee*, Case No. 3:20-cv-5991 (N.D. Cal.)

Dear Jenna:

   We write in response to your September 16, 2021, letter ("September 16 Letter"), asking that Plaintiffs (1) specify all "negative defenses" identified in Yodlee, Inc.'s ("Yodlee" or "Defendant") Answer and Affirmative Defenses to Plaintiffs' Second Amended Complaint (ECF No. 99); (2) explain how Plaintiffs would be prejudiced by the inclusion of these defenses; and (3) specify all defenses that are inadequately pled and why.

   **Negative Defenses:** Courts are clear that affirmative defenses that merely deny, negate, or attempt to rebut allegations are not truly affirmative defenses and fail as a matter of law. *See Barnes v. AT & T Pension Benefit Plan-Nonbargained Program,* 718 F. Supp. 2d 1167, 1174 (N.D. Cal. 2010) (striking with prejudice "affirmative defenses" brought by defendant, which the court recognized as "merely rebuttal against the evidence presented by the plaintiff" rather than legitimate affirmative defenses); *see also Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002) ("A defense which demonstrates that plaintiff has not met its burden of proof is not an affirmative defense."); *Delson v. Barron Egg Shop of MontClair*, No. C 12-06454 RS, 2013 WL 12411137, at *2-3 (N.D. Cal. Apr. 22, 2013) ("negative defenses" which "simply provide[] a basis to negate an element of plaintiff's prima facie case" are "negative defenses" that "must be stricken."); *Munoz v. PHH Corp.*, No. 1:08-cv-0759-AWI-BAM, 2013 WL 1278509, at *3 (E.D. Cal. Mar. 26, 2013) ("Denials of the allegations in the complaint or allegations that the plaintiff cannot prove the elements of his claim are not affirmative defenses.").

   Defendant's First, Second, Sixth, Seventh, Eighth, Fourteenth, Fifteenth, Sixteenth, Eighteenth, Twenty-Third, Twenty-Fourth, Twenty-Fifth, and Twenty-Sixth Affirmative Defenses are not affirmative defenses. Defendant's First Affirmative Defense, which merely states that Plaintiffs "fail[] to state a claim for which relief may be granted[,]" clearly challenges only whether Plaintiffs have met their burden of proof. *Barnes*, 718 F. Supp. 2d at 1174 ("Failure to state a claim is not a proper affirmative defense[.]"). Defendant's Second Affirmative Defense asserts that Plaintiffs do not have Article III standing, but "lack of standing is not in fact an affirmative defense." *See Hernandez v. County of Monterey*, 306 F.R.D. 279, 286 (N.D. Cal. 2015) (striking standing defense). Defendant's Sixth, Seventh, and Eighth Affirmative Defenses

www.lowey.com
44 South Broadway, Suite 1100, White Plains, NY 10601-4459 (p) 914-997-0500 (f) 914-997-0035
One Tower Bridge, 100 Front Street, Suite 520, West Conshohocken, PA 19428 (p) 215-399-4770 (f) 610-862-9777

September 22, 2021
Page 2

are all different variations of an argument that Plaintiffs cannot prove causation and, again, only challenge Plaintiffs' case. *LumaSense Techs., Inc. v. Advanced Engineering Servs., LLC*, No. 20-cv-07905-WHO, 2021 WL 2953237, at *5 (N.D. Cal. July 14, 2021) (striking causation defense because it is "directed towards an element of plaintiff's prima facie case" and "is not a proper affirmative defense"). Likewise, Defendant's Twenty-Third, Twenty-Fourth, and Twenty-Fifth Affirmative Defenses go exclusively to whether Plaintiffs can satisfy the requirements of class certification, a part of Plaintiffs' prima facie case. *See Fishman v. Tiger Nat. Gas Co.*, No. C 17-05351 WHA, 2018 WL 4468680, at *6 (N.D. Cal. Sept. 18, 2018) (striking, without leave to amend, nine affirmative defenses because "the requirements for obtaining class certification are part of plaintiffs' prima facie case[]"). Each of the affirmative defenses listed above suffer from this same deficiency, i.e., they attempt to negate Plaintiffs' case, rather than asserting a true defense for which Yodlee bears the burden of proof. For this reason, these "defenses" are improper.

We reject your proposal to "explain how Plaintiffs will be prejudiced by the inclusion of any negative defenses in Yodlee's answer." *See* September 16 Letter at 1. We are unaware of any authority requiring a plaintiff to demonstrate prejudice to strike an already improper affirmative defense, and Plaintiff will not do so now. *See Hartford Underwriters Insurance Co. v. Kraus USA, Inc*., 313 F.R.D. 572 (N.D. Cal. 2016) ("[A] motion to strike an insufficient affirmative defense does not require a prejudice showing . . . [e]ven if prejudice were required, 'the burden of conducting discovery regarding irrelevant and unsustainable affirmative defenses constitutes such prejudice.'") (internal citation omitted); *see also Delson*, 2013 WL 12411137, at *2-3 (striking negative affirmative defenses as improper on their face, without requiring a showing of prejudice). Please let us know if you are aware of any authority stating otherwise.

**Boilerplate Affirmative Defenses:** Rule 8(c) of the Federal Rules of Civil Procedure requires parties to "affirmatively state any . . . affirmative defense." Courts in this District agree that the pleading standard set forth in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) applies to affirmative defenses. *See Snap! Mobile, Inc. v. Croghan*, No. 18-cv-04686-LHK, 2019 WL 884177, at *2 (N.D. Cal. Feb. 22, 2019) ("[T]he vast majority of district courts, [have] held that the heightened pleading standard for complaints articulated in *Twombly* and extended to all civil complaints in *Iqbal* applies to affirmative defenses."). Under this standard, affirmative defenses that state mere boilerplate legal conclusions without factual support are insufficient. *See Solis v. Zenith Capital, LLC*, No. C 08-4854 PJH, 2009 WL 1324051, at *2 (N.D. Cal. May 8, 2009) ("Where an affirmative defense simply states a legal conclusion or theory without the support of facts explaining how it connects to the instant case, it is insufficient and will not withstand a motion to strike."); *Hartford Underwriters Insurance Co.*, 313 F.R.D. at 576 ("[M]ere reference to a legal doctrine is not a sufficient affirmative defense absent allegations of supporting facts.").

Defendant's First, Second, Third, Fifth, Sixth, Seventh, Eighth, Ninth, Nineteenth, Twenty-Third, Twenty-Fourth, Twenty-Fifth, Twenty-Sixth, Twenty-Seventh, and Twenty-Eighth Affirmative Defenses are improper because they provide no factual support whatsoever from which Plaintiffs can discern the basis for these defenses. For instance, Defendant's Seventh Affirmative Defense merely states that "Plaintiffs' claimed injuries . . . were caused by the acts

www.lowey.com
44 South Broadway, Suite 1100, White Plains, NY 10601-4459 (p) 914-997-0500 (f) 914-997-0035
One Tower Bridge, 100 Front Street, Suite 520, West Conshohocken, PA 19428 (p) 215-399-4770 (f) 610-862-9777

September 22, 2021
Page 3

and omissions of persons . . . other than Yodlee." It is unclear what factual support Defendant has for this assertion—including the identity of these "persons . . . other than Yodlee" that supposedly caused Plaintiffs' injuries—and requires Plaintiffs to guess how this defense would apply to their claims. Likewise, Defendant's Ninth Affirmative Defense states that "Plaintiffs' claims are barred to the extent that Plaintiffs recover or have recovered any alleged damages or restitution already, including from sources other than Yodlee." Defendant has failed to provide any factual support for its contention that Plaintiffs have recovered any alleged damages or restitution already. Nor has Defendant identified the "sources other than Yodlee" from whom Plaintiffs allegedly made such recoveries. *See Vogel v. Huntington Oaks Del. Partners, LLC*, 291 F.R.D. 438, 441 (C.D. Cal. 2013) (striking affirmative defenses because "its Answer fails to provide factual support for any [of the affirmative defenses]," instead providing only "a barebones recitation of legal doctrines, leaving [plaintiff] to guess how they apply to his claims."). As these affirmative defenses state bare legal conclusions without any factual support, they do not meet the pleading standard articulated in *Twombly* and *Iqbal*.

Relatedly, it is unclear how some of Defendant's defenses, specifically, Defendant's Fourth, Thirteenth, Fourteenth, Fifteenth, Sixteenth, Seventeenth, Eighteenth, and Twenty-Seventh Affirmative Defenses could apply to Plaintiffs' claims, or to *which* of Plaintiffs' claims they apply, and thus fail to provide Plaintiffs with adequate notice. For instance, Defendant's Fourteenth Affirmative Defense, asserting there is no "invasion of privacy"—even if it were an affirmative defense, which it is not for the reasons described above—does not apply to several causes of action alleged in the Second Amended Complaint. Likewise, courts recognize that the defense of failure to mitigate, Defendant's Twenty-Seventh Affirmative Defense, is a contract-related affirmative defense. *Govez*, 188 F.Supp.3d at 1002-03 (recognizing failure to mitigate and avoidable consequences as contract-related affirmative defenses). As Plaintiffs have not asserted a contract claim, it is unclear how this defense applies. Please confirm whether the defenses listed in this subsection are asserted against each of Plaintiffs' claims or some subset thereof.

We hope this letter helps facilitate our discussions and avoids unnecessary motion practice. While motions to strike may be "disfavored," courts in this district (including in *Barnes*, cited in your September 16 Letter) do strike boilerplate and negative affirmative defenses like those raised by Yodlee here. *See, e.g.*, *Barnes*, 718 F. Supp. 2d at 1173-75; *Delson*, 2013 WL 12411137, at *2-3 (striking dozens of affirmative defenses that were bare legal conclusions and 6 additional negative defenses). To the extent we are unable to resolve our disagreement, Plaintiffs will pursue an appropriate remedy from the Court. Plaintiffs reserve all rights with regards to these defenses, including the right to move to strike on alternative grounds not reflected in this letter, or with regard to defenses not enumerated herein.

Sincerely,

Christian Levis

www.lowey.com
44 South Broadway, Suite 1100, White Plains, NY 10601-4459 (p) 914-997-0500 (f) 914-997-0035
One Tower Bridge, 100 Front Street, Suite 520, West Conshohocken, PA 19428 (p) 215-399-4770 (f) 610-862-9777