# **<u>EXHIBIT E</u>**

**COVINGTON**

BEIJING   BRUSSELS   DUBAI   FRANKFURT   JOHANNESBURG
LONDON   LOS ANGELES   NEW YORK   PALO ALTO
SAN FRANCISCO   SEOUL   SHANGHAI   WASHINGTON

Covington & Burling LLP
Salesforce Tower
415 Mission Street, Suite 5400
San Francisco, CA 94105-2533
T  +1 415 591 6000

**By Email**                                                                                                September 29, 2021

Christian Levis
clevis@lowey.com

Re: *Wesch v. Yodlee, Inc.*, 3:20-cv-05991 (N.D. Cal.)

Dear Christian:

I write in response to your September 22, 2021 letter concerning Yodlee's affirmative defenses, and as a follow up to our meet and confer discussion of this topic yesterday and Amanda Fiorilla's related email from earlier today. For the reasons summarized below, Yodlee does not believe that its affirmative defenses are insufficiently stated. Similarly, the listing of so-called "negative defenses," on which Plaintiffs bear the burden of proof, is neither unusual nor prejudicial to Plaintiffs, and moving to strike them would be a needless and wasteful utilization of the Court's time and resources.

It is well-established in the Ninth Circuit that the "'fair notice' required by the pleading standards only requires describing the [affirmative] defense in 'general terms.'" *Kohler v. Flava Enterprises, Inc.*, 779 F.3d 1016, 1019 (9th Cir. 2015). Unlike the federal rule governing the complaint—which requires a "showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), the rule governing defenses requires only that the defendant "affirmatively state any avoidance or defense," Fed. R. Civ. P. 8(c)(1). In any event, Yodlee's defenses are adequately pleaded under either standard. Yodlee's defenses also are directly responsive to Plaintiffs' allegations and claims, and we reject your characterization of them as "boilerplate."

Separately, while we appreciate your acknowledgement that Plaintiffs bear the burden of proof on some defenses listed in Yodlee's Answer, their inclusion in the Answer does not prejudice Plaintiffs in any way. Amanda's email asserts that Plaintiffs are burdened by "participat[ing] in discovery" related to such defenses, but Plaintiffs are presumably already planning to engage in the discovery necessary to prove the elements of their claims. We believe the Court would conclude, if Plaintiffs go through with their threatened motion to strike, that "Plaintiffs have not shown that the inclusion of the challenged defenses under these circumstances would prejudice Plaintiffs, and their removal would not simplify the litigation." *Williams v. Exeter Fin. LLC*, 2019 WL 6768317, at *1 (N.D. Cal. Dec. 11, 2019). For authority in support of our position, we refer you to *Williams* and the cases cited there.

However, in a good-faith effort at compromise and to avoid burdening the Court with this issue, Yodlee is willing to stipulate that the defenses identified in your September 22 letter as "negative defenses" refer to matters on which Plaintiffs bear the burden of proof, rather than

**COVINGTON**

affirmative defenses on which Yodlee has the burden of proof. Please let us know if Plaintiffs will accept this compromise.

      For the foregoing reasons, Yodlee does not intend to amend its Answer in response to your letter, and will oppose any Motion to Strike. *See* Dkt. 106.

                                                 Sincerely,

                                                 */s/ Jenna Zhang*

cc:      Eric Bosset (ebosset@cov.com)
           Simon Frankel (sfrankel@cov.com)
           Andrew Vaden (avaden@cov.com)
           Daniel Rios (drios@cov.com)

           *Counsel for Yodlee, Inc.*

           Aaron Sheanin (asheanin@robinskaplan.com)
           Christine S. Yun Sauer (cyunsauer@robinskaplan.com)
           David Rochelson (drochelson@robinskaplan.com)
           Laura Song (lsong@robinskaplan.com)
           Amanda Fiorilla (afiorilla@lowey.com)
           Anthony M. Christina (achristina@lowey.com)

           *Counsel for Plaintiffs*