UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBORAH WESCH, et al., <br><br> Plaintiffs, <br><br> v. <br><br> YODLEE, INC., et al., <br><br> Defendants. | Case No. 20-cv-05991-SK <br><br> **ORDER ON MOTION TO STRIKE AFFIRMATIVE DEFENSES** <br><br> Regarding Docket No. 114 |

This matter comes before the Court upon consideration of Plaintiffs' motion to strike the affirmative defenses of Defendant Yodlee, Inc. Having carefully considered the parties' papers, relevant legal authority, and the record in the case, the Court hereby GRANTS Plaintiffs' motion for the reasons set forth below.

**ANALYSIS**

**A.   Legal Standards on Motion to Strike.**

Under Rule 12(f), a court may strike from a pleading "any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Immaterial matter "is that which has no essential or important relationship to the claim for relief or the defenses being pleaded." *Fantasy Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds by Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994) (internal citations and quotations omitted). Impertinent material "consists of statements that do not pertain, and are not necessary, to the issues in question." *Id.* (internal citations and quotations omitted). Motions to strike are regarded with disfavor because they are often used as delaying tactics and because of the limited importance of pleadings in federal practice. *Colaprico v. Sun Microsystems Inc.*, 758 F. Supp. 1335, 1339 (N.D. Cal. 1991). A motion to strike should be resorted to only when the matter to be stricken could have no possible bearing on the issues in litigation. *LeDuc v. Kentucky Central Life*

*Ins. Co.*, 814 F. Supp. 820, 830 (N.D. Cal. 1992).  Ultimately, the decision as to whether to strike allegations is a matter within the Court's discretion.  *Colaprico*, 758 F. Supp. at 1339.

**B.      Plaintiffs' Motion to Strike.**

      **1.      Invalid Affirmative Defenses.**

Plaintiffs move to strike Yodlee's Affirmative Defense Nos. 1-2, 6-8, 14-16, 18, and 23-26 because they are not valid affirmative defenses.  An allegation that a plaintiff "has not met its burden of proof is not an affirmative defense." *See Zivkovic v. S. California Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002).  "An affirmative defense, under the meaning of Federal Rule of Civil Procedure 8(c), is a defense that does not negate the elements of the plaintiff's claim, but instead precludes liability even if all of the elements of the plaintiff's claim are proven." *Barnes v. AT & T Pension Ben. Plan-Nonbargained Program*, 718 F. Supp. 2d 1167, 1173-74 (N.D. Cal. 2010) (citation omitted).  Instead, an affirmative defense is one on which the defendant bears the burden of proof.  *Kanne v. Connecticut General Life Ins. Co.,* 867 F.2d 489, 492 n. 4 (9th Cir.1988).

Yodlee does not deny that the challenged defenses are not valid affirmative defenses. Instead, Yodlee argues that it commonplace to plead such defenses as affirmative defenses and that the Court should deny Plaintiffs' motion because Plaintiff suffers no prejudice from the inclusion of these allegations in the affirmative defenses.  Other courts in this district have rejected such arguments.  *See e.g.*, *Barnes*, 718 F. Supp. 2d at 1173 (holding defendant's "arguments regarding prejudice cannot rescue its otherwise legally insufficient affirmative defenses"); *Hartford Underwriters Ins. Co. v. Kraus USA, Inc.*, 313 F.R.D. 572, 575 (N.D. Cal. 2016) ("[A] motion to strike an insufficient affirmative defense does not require a prejudice showing."); *LumaSense Techs., Inc. v. Advanced Eng'g Servs., LLC*, 2021 WL 2953237, at *5 (N.D. Cal. July 14, 2021) (rejecting argument that court should not strike improper affirmative defenses absent prejudice: "As a pragmatist, I could agree with that sentiment, but not as a judge.  Granting a motion to strike under Rule 12(f) does not turn on whether the moving party can show prejudice. . . .").  Because it is undisputed that Affirmative Defenses Nos. 1-2, 6-8, 14-16, 18, and 23-26 are not actually affirmative defenses, the Court GRANTS Plaintiffs' motion to strike Affirmative

Defense Nos. 1-2, 6-8, 14-16, 18, and 23-26.[1]

### 2. Insufficiently Plead Affirmative Defenses.

Plaintiffs also move to strike Affirmative Defense Nos. 3, 5, 9, 19, 27, and 28 because they fail to provide sufficient notice. While the Ninth Circuit has not yet ruled on the issue, the majority of district courts have concluded that the pleading standards set forth in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) apply to affirmative defenses. *See Hartford Underwriters Ins. Co. v. Kraus USA, Inc.*, 313 F.R.D. 572, 574 (N.D. Cal. 2016) (noting majority of district courts have applied pleading standards from *Twombly* and *Iqbal*); *see also Jacobson v. Persolve*, 2014 WL 4090809, at *5 (N.D. Cal. Aug. 19, 2014) (collecting cases). Under this standard, "[w]hile a defense need not include extensive factual allegations in order to give fair notice, bare statements reciting mere legal conclusions may not be sufficient." *Perez v. Gordon & Wong Law Grp., P.C.*, 2012 WL 1029425, at *8 (N.D. Cal. Mar. 26, 2012). "Just as a plaintiff's complaint must allege enough supporting facts to nudge a legal claim across the line separating plausibility from mere possibility, a defendant's pleading of affirmative defenses must put a plaintiff on notice of the underlying factual bases of the defense." *Perez*, 2012 WL 1029425, at *8 (internal quotation marks omitted).

Yodlee counters that, pursuant to *Kohler v. Flava Enterprises, Inc.*, 779 F.3d 1016, 1019 (9th Cir. 2015), only "fair notice" is required for affirmative defenses and that fair notice only requires describing a defense in general terms. However, "[a] vast majority of courts in this district have held that *Kohler* did not directly address whether the *Twombly* and *Iqbal* standard applies to pleading affirmative defenses." *United States v. Acad. Mortg. Corp.*, 2020 WL 7056017, at *2 (N.D. Cal. Dec. 2, 2020); *see also "AMY" v. Curtis*, 2020 WL 6271046, *3 (N.D. Cal. Oct. 26, 2020) ("[E]ven after Kohler, courts in this district continue to require affirmative defenses to meet the Twombly/Iqbal standard."); *Prods. and Ventures Int'l v. Axus Stationary (Shanghai) Ltd.*, 2017 WL 1330598, at *3 (N.D. Cal. Apr. 11, 2017) ("Absent controlling

---

[1] While technically proper, the Court does note that moving to strike these defenses does not materially advance the litigation. Yodlee may still assert these arguments in other forms even if not included as an Affirmative Defense.

authority to the contrary, this Court joins its sister courts in this district in continuing to apply [the *Twombly*/*Iqbal*] standard here."). As the court explained in *Academy Mortgage*,

> There are strong policy reasons for requiring parties to meet the pleading standard set forth in *Twombly* and *Iqbal* for affirmative defenses. It aids in streamlining case management and judicial economy by "cutting off vague or even frivolous claims early, thus avoiding the time and expense of unnecessary or far-ranging discovery." *Hayden v. United States*, 147 F. Supp. 3d 1125, 1131 (D. Or. 1995). This is particularly true where it is an all-too-common practice of proffering a litany of canned affirmative defenses with no supporting factual allegations.

*Id*, 2020 WL 7056017, at *2. The Court concurs and will apply the pleading standard set forth in *Twombly* and *Iqbal*.

### i. Affirmative Defenses 3, 9 and 28.

In its third affirmative defense, Yodlee alleges: "Plaintiffs' claims are barred, in whole or in part, by laches and/or by the relevant statutes of limitations for each claim, including, without limitation, Cal. Code. Civ. P. § 335.1 and Cal. Civ. Code § 338(d)." (Dkt. No. 99.) While Yodlee does include two statutes, it does not limit its defense to these statutes. Additionally, Yodlee does not allege any facts to support this defense. Yodlee argues that its failure to allege any facts is due to Plaintiffs' failure to allege facts regarding when the alleged conduct occurred. This argument merely means that Yodlee currently lacks sufficient knowledge that this defense is applicable.

In its ninth affirmative defense, Yodlee alleges: "Plaintiffs' claims are barred to the extent that Plaintiffs recover or have recovered any alleged damages or restitution already, including from sources other than Yodlee." (Dkt. No. 99.) Again, Yodlee does not allege any facts regarding any actual recovery by any named Plaintiff, and, again, blames this failure on Plaintiffs' lack of factual detail in their complaint.

In its twenty-eighth affirmative defense, Yodlee alleges:

> Plaintiffs' claims for punitive or exemplary damages are barred or reduced by applicable law or are unconstitutional insofar as they violate the due process protections afforded by the United States Constitution, the excessive fines clause of the Eighth Amendment of the United States Constitution, the Full Faith and Credit Clause of the United States Constitution, Article 1, Section 17 of the Constitution of the State of California, and any other applicable provisions of the United States Constitution, the Constitution of California, or that of

4

any other state whose laws may apply. *See, e.g.*, *BMW of N. Am. v. Gore*, 517 U.S. 559 (1996).

(Dkt. No. 99.) Yodlee argues that this defense is self-explanatory and does not require any factual pleading. However, in the absence of any facts, it is not clear why this defense is applicable.

The Court GRANTS the motion to strike as to these affirmative defenses with leave to amend.

### ii. Affirmative Defenses 5, 19 and 27.

In its fifth affirmative defense, Yodlee alleges: "Plaintiffs' claims are barred, in whole or in part, to the extent any allegedly wrongful conduct occurred outside of California or the application of California law to Plaintiffs or members of the putative class is otherwise improper." (Dkt. No. 99.) In its nineteenth affirmative defense, Yodlee alleges: "Plaintiffs' claims are barred, in whole or in part, because Plaintiffs would be unjustly enriched if they recover from Yodlee for any of the conduct alleged in the Complaint." (Dkt. No. 99.) In its twenty-seventh affirmative defense, Yodlee alleges: "Plaintiffs failed to mitigate any damages they suffered and are therefore barred from recovering mitigatable damages." (Dkt. No. 99.)

Again, Yodlee does not allege any facts to support these defenses. While Yodlee argues some factual basis for these defenses in opposition to the motion to strike, those facts are not yet alleged in its answer. Therefore, the Court GRANTS the motion to strike as to the Fifth, Nineteenth, and Twenty-Seventh Affirmative Defenses, with leave to amend.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiffs' motion to strike. The Court STRIKES Yodlee's Affirmative Defense Nos. 1-2, 6-8, 14-16, 18, and 23-26 with prejudice.

The Court FURTHER GRANTS the motion to strike Yodlee's Affirmative Defense Nos. 3, 5, 9, 19, 27, and 28, with leave to amend. If Yodlee elects to amend these affirmative defenses, Yodlee shall file an amended answer within thirty days.

**IT IS SO ORDERED**.

Dated: December 6, 2021



SALLIE KIM
United States Magistrate Judge