UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBORAH WESCH, et al.,<br><br>   Plaintiffs,<br><br> v.<br><br>YODLEE, INC.,<br><br>   Defendant. | Case No. 20-cv-05991-SK<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION**<br><br>Regarding Docket No. 310 |

In its motion for reconsideration, Yodlee, Inc., yet again, seeks to limit Plaintiffs' complaint to PayPal. A motion for reconsideration may be made on one of three grounds: (1) a material difference in fact or law exists from that which was presented to the Court, which, in the exercise of reasonable diligence, the party applying for reconsideration did not know at the time of the order; (2) the emergence of new material facts or a change of law; or (3) a manifest failure by the Court to consider material facts or dispositive legal arguments presented before entry of the order. N.D. Civ. L.R. 7-9(b)(1)-(3). A party moving for reconsideration may not reargue any written or oral argument previously asserted to the Court. Civ. L.R. 7-9(c). The Court finds that Yodlee has not demonstrated that reconsideration is warranted. From early on in this case, the Court made clear that Plaintiff's complaint controlled the scope of discovery and that Plaintiff's complaint was not explicitly limited to PayPal. (*See*, *e.g.*, Dkt. Nos. 125, 139.) While the Court could have been more clear in its Order denying Plaintiff leave to amend to *further* expand the scope of this action, the Court did not determine in that Order that Plaintiff's Second Amended Complaint was limited to PayPal. The Court DENIES Yodlee's motion for reconsideration.

/ / /

/ / /

/ / /

1   In their further joint case management statement, the parties shall address what discovery
2   remains outstanding and shall propose new deadlines for the case from the close of discovery
3   through trial.

4   **IT IS SO ORDERED**.

5   Dated: April 25, 2023



SALLIE KIM
United States Magistrate Judge