Benjamin Steinberg (admitted *pro hac vice*)
**SHINDER CANTOR LERNER LLP**
14 Penn Plaza, 19th Floor
New York, NY 10122
Telephone: (646) 960-8601
Facsimile: (646) 960-8625
benjamin@scl-llp.com

Christian Levis (admitted *pro hac vice*)
Margaret MacLean (admitted *pro hac vice*)
Amanda Fiorilla (admitted *pro hac vice*)
**LOWEY DANNENBERG, P.C.**
44 South Broadway, Suite 1100
White Plains, NY 10601
Telephone: (914) 997-0500
Facsimile: (914) 997-0035
clevis@lowey.com
mmaclean@lowey.com
afiorilla@lowey.com

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARIUS CLARK, ET AL., individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>YODLEE, INC., a Delaware corporation,<br><br>Defendant | Civil Case No.  3:20-cv-05991-SK<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE FOURTH AMENDED CLASS ACTION COMPLAINT**<br><br>Judge:      Hon. Sallie Kim<br>Hearing Date: December 30, 2024<br>Hearing Time: 9:30 AM<br>Place:      Courtroom C – 15th Floor<br>         450 Golden Gate Ave.,<br>         San Francisco, CA 94102 |

# **TABLE OF CONTENTS**

I.    INTRODUCTION .................................................................................................................1

II.   BACKGROUND ..................................................................................................................2

    A.   Yodlee Collected Transaction Data from Millions of Class Members ............................2

    B.   Yodlee Claimed It Lacked Complete Records about Its Collection of Transaction Data ...............3

    C.   Yodlee Withheld Information about Plaintiffs until the Eve of Class Certification ........................4

    D.   The Court Denied Class Certification Based on Yodlee's Untimely Disclosures ...........................5

    E.   Plaintiffs Seek to Add Eight New Plaintiffs to Address the Court's Typicality and Adequacy Concerns ........................................................................................................................................6

III.  LEGAL STANDARD ...........................................................................................................7

IV.   ARGUMENT ........................................................................................................................8

    A.   Plaintiffs Seek to Amend the Complaint in Good Faith ..................................................9

    B.   Plaintiffs' Amendment Was Not Unduly Delayed .........................................................10

    C.   Plaintiffs' Amendment Will Not Substantially Prejudice Yodlee ..................................11

    D.   Plaintiffs' Amendment Is Not Futile .............................................................................13

1

## <u>TABLE OF AUTHORITIES</u>

2

**Cases**

3

*Whelan v. Indus.,*
No. C-11-02146 EDL, 2012 WL 12920688 (N.D. Cal. Sept. 12, 2012) .................................9, 11, 12

4

5

*AmerisourceBergen Corp. v. Dialysist West, Inc.,*
465 F.3d 946 (9th Cir. 2006) ...........................................................................................................8

6

7

*Avaya v. Pearce,*
No. 19-CV-00565-SI, 2021 WL 366916 (N.D. Cal. Feb. 3, 2021)...................................................13

8

*Bauman v. Saxe,*
No. 14-CV-01125-RFB-PAL, 2019 WL 157923 (D. Nev. Jan. 10, 2019)........................................10

9

10

*Cabrera v. Bayer Healthcare LLC,*
No. CV 2:17-08525-JAK (JPRx), 2024 WL 4228237 (C.D. Cal. June 24, 2024)..............10, 12, 13, 14

11

12

*Cave Consulting Grp., Inc. v. Truven Health Analytics Inc.,*
No. 15-CV-02177-SI, 2017 WL 607602 (N.D. Cal. Feb.15, 2017)........................................11, 12, 13

13

14

*Cholakyan v. Mercedes-Benz USA, LLC,*
281 F.R.D. 534 (C.D. Cal. 2012) .....................................................................................................9

15

16

*DCD Programs, Ltd. v. Leighton,*
833 F.2d 183 (9th Cir. 1987) ..................................................................................................8, 9, 12

17

*Delagarza v. Tesoro Ref. & Mktg. Co.,*
No. CV 09-05803 MHP, 2011 WL 1496046 (N.D. Cal. Apr. 20, 2011)............................................9

18

19

*Douglas v. Bank of Am., N.A.,*
No. C20-0193JLR, 2020 WL 6799010 (W.D. Wash. Nov. 19, 2020) ...............................................9

20

21

*Eminence Cap., LLC v. Aspeon, Inc.,*
316 F.3d 1048 (9th Cir. 2003)..........................................................................................................8

22

23

*Fife v. Sci. Games Corp.,*
No. 2:18-CV-00565-RBL, 2020 WL 4933959 (W.D. Wash. Aug. 24, 2020) ..................................13

24

*Foman v. Davis,*
371 U.S. 178 (1962)..........................................................................................................................8

25

26

*Genentech, Inc. v. Abbott Lab'ys,*
127 F.R.D. 529 (N.D. Cal. 1989) ...................................................................................................13

27

28

*Griggs v. Pace Am. Grp. Inc.,*
170 F.3d 877 (9th Cir. 1999) .......................................................................................................8, 9

*Hajro v. United States Citizenship & Immigr. Servs.*,
   743 F. App'x 148 (9th Cir. 2018) ................................................................................14

*Hensley-Maclean v. Safeway, Inc.*,
   No. 11-CV-01230-RS, 2015 WL 3956099 (N.D. Cal. June 29, 2015) ............................14

*Hernandez v. Balakian*,
   251 F.R.D. 488 (E.D. Cal. 2008) ................................................................................10

*Hip Hop Beverage Corp. v. RIC Representacoes Importacao E Comercio LTDA*,
   220 F.R.D. 614 (2013) ...............................................................................................13

*Int'l Woodworkers of Am., AFL—CIO v. Chesapeake Bay Plywood Corp.*,
   659 F.2d 1259 (4th Cir. 1981) .......................................................................................8

*Jackson v. Bank of Haw.*,
   902 F.2d 1385 (9th Cir. 1990) .....................................................................................11

*Jordan v. Paul Fin., LLC*,
   644 F. Supp. 2d 1156 (N.D. Cal. 2009) .......................................................................14

*Kenlston v. Roberts*,
   717 F.2d 1295 (9th Cir. 1983) .......................................................................................8

*Lierboe v. State Farm Mut. Auto. Ins. Co.*,
   350 F.3d 1018 (9th Cir. 2003) .....................................................................................14

*McGhee v. N. Am. Bancard, LLC*
   No. 17-cv-00586-AJB-KSC, 2021 WL 5763834 (S.D. Cal. Sept. 17, 2021) ..........10, 11, 12, 14

*Nat'l Fed'n of the Blind v. Target Corp.*,
   582 F. Supp. 2d 1185 (N.D. Cal. 2007) .......................................................................10

*Patton v. Experian Data Corp.*,
   No. SACV 17-01559-JVS(DFMx), 2019 WL 13034866 (C.D. Cal. Jan. 22, 2019) ................13

*Plascencia v. Lending 1st Mortgage*,
   No. C-07-4485 CW, 2012 WL 253319 (N.D. Cal. Jan. 26, 2012) ..................................11

*Pyara v. Sysco Corp.*,
   No. 2:15-cv-01208 JAM-KJN, 2016 WL 6897251 (E.D. Cal. Nov. 23, 2016) ............12, 13

*Rieve v. Coventry Health Care, Inc.*,
   No. SACV 11-1032, 2012 WL 929737 (C.D. Cal. Mar. 19, 2012) ..............................11, 12

*Robichaud v. Speedy PC Software*,
   No. 12-cv 04730 LB, 2013 WL 818503 (N.D. Cal. Mar. 5, 2013) ..................................8, 9

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE FOURTH AMENDED CLASS ACTION
COMPLAINT– CASE NO. 3:20-cv-05991

*Santos v. TWC Admin. LLC*,
No. CV 13-04799 MMM (CWx), 2014 WL 12558009 (C.D. Cal. Aug. 4, 2014) ..............................10

*Stanton v. Aetna Life & Cas. Bermuda Ltd.*,
No. 18-cv-08937-CJCAFMX, 2021 WL 4146964 (C.D. Cal. Feb. 12, 2021) ....................................14

*Sueoka v. United States*,
101 F. App'x. 649 (9th Cir. 2004) ...........................................................................2, 8, 10, 14

*Tait v. BSH Home Appliances Corp.*,
289 F.R.D. 466 (C.D. Cal. 2012) ........................................................................................10

*Tavakolian v. Great Am. Life Ins. Co.*,
No. 20-CV-01133-SPG, 2023 WL 8126867 (C.D. Cal. June 12, 2023) ....................................12, 13

*Waits v. Weller*,
653 F.2d 1288 (9th Cir. 1982) ...............................................................................................8

*Walker v. Life Ins. Co. of Sw.*,
No. CV10-09198 (JVS)(RNBx), 2018 WL 6133634 (C.D. Cal. June 15, 2018) .............................13

*Wiener v. Dannon Co., Inc.*,
255 F.R.D. 658 (C.D. Cal. 2009) ........................................................................................10

*Woods v. Google LLC*,
No. 11-CV-01263-EJD, 2018 WL 4030570 (N.D. Cal. Aug. 23, 2018) .....................................10

*Zeiger v. WellPet LLC*,
No. 17-cv-04056-WHO, 2018 WL 3208160 (N.D. Cal. June 29, 2018) .....................................10

**Rules**

Fed. R. Civ. P. 15 ...............................................................................................................8, 9
Fed. R. Civ. P. 15(a) ................................................................................................2, 8, 12, 13
Fed. R. Civ. P. 15(a)(2) ......................................................................................................1, 8
Fed. R. Civ. P. 16 .................................................................................................................9
Fed. R. Civ. P. 16(b) .........................................................................................................2, 8
Fed. R. Civ. P. 23 .................................................................................................................9
Fed. R. Civ. P. 23(a) ...............................................................................................1, 5, 9, 14

**PLEASE TAKE NOTICE THAT** on December 30, 2024, at 9:30 a.m., or as soon thereafter as the matter may be heard, in the courtroom of the Honorable Sallie Kim, located in Courtroom C, 15th floor, at 450 Golden Gate Ave., San Francisco, California, Plaintiffs Darius Clark, John H. Cottrell, David Lumb, Kyla Rollier, and Jenny Szeto ("Plaintiffs") will and hereby do move the Court, pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure, for an order granting leave to file a Fourth Amended Class Action Complaint, attached as Exhibit 1 ("Amended Complaint" or "Amendment") to the Declaration of Christian Levis ("Levis Decl." or "Declaration").[1] This motion is based upon this notice of motion and motion, all papers and pleadings on file with the Court, and such other written or oral argument and materials as may be presented. Defendant Yodlee, Inc. ("Yodlee'") opposes this motion.

## I.    INTRODUCTION

Plaintiffs seek to file an Amended Complaint that will add as plaintiffs eight Class Members[2] (the "Proposed Plaintiffs") who allege that Yodlee collected their Transaction Data when they linked accounts to PayPal. The need to add these Proposed Plaintiffs did not arise until two months ago, on September 25, 2024, when the Court denied class certification on the grounds that Yodlee did not collect Transaction Data from any of the current Class Representatives, which the Court found made them atypical and inadequate under Fed. R. Civ. P. 23(a). *See* ECF No. 600 at 7-9. The Court's finding that Yodlee did not collect Transaction Data from certain Class Representatives was based on a new data field, specific to the Class Representatives, that Yodlee first disclosed on May 9, 2024, thirteen days before Plaintiffs moved for class certification. *See infra* Section II.C. Yodlee previously withheld information about this data field in violation of the Court's October 26, 2023 discovery order ("October 2023 Order"). ECF No. 375 at 2.

Amending the Complaint to add the Proposed Plaintiffs is warranted because the Court's typicality and adequacy concerns are specific to three Class Representatives and could easily be cured by millions of other Class Members. It is undisputed that Yodlee collected Transaction Data from approximately ███ ███ Class Members, any of whom would allow this class case to proceed on the merits. *See* Section II.A. In these circumstances, where class certification fails due to plaintiff-specific issues that other

---

[1] Attached as Exhibit 2 to the Declaration is a redline comparing the Amended Complaint to the Third Amended Class Action Complaint. ECF No. 359.
[2] Where not defined, the capitalized terms used herein shall have the same meaning as those in Plaintiffs' Motion to Certify Classes. *See* ECF No. 493.

putative class members can cure, the Ninth Circuit instructs that "leave to amend should be granted to add named plaintiffs" that meet the factual requirements for typicality and adequacy. *Sueoka v. United States*, 101 F. App'x. 649, 654 (9th Cir. 2004).

Leave to amend should also be granted for the additional reason that it was necessitated by Yodlee's untimely disclosures about the Class Representatives. Yodlee cannot fairly withhold information about the Class Representatives throughout the case and then deploy it at the eleventh hour to defeat class certification on narrow, plaintiff-specific grounds. Both fairness and Ninth Circuit precedent require that Plaintiffs be allowed to address Yodlee's "gotcha" tactics by adding typical and adequate class representatives from among the ███████ Class Members whose Transaction Data was collected.

Plaintiffs satisfy Fed. R. Civ. P. 15(a)'s four liberal criteria for amending the complaint and Fed. R. Civ. P. 16(b)'s good cause standard. Plaintiffs seek to add Proposed Plaintiffs in good faith, without undue delay, and without asserting any new legal claims or theories. Yodlee will not be prejudiced by their addition. The Proposed Plaintiffs will promptly sit for depositions and produce the limited plaintiff-specific discovery that has been exchanged thus far. This can be completed in two months, if not a few weeks. This minor expansion of the case schedule does not constitute substantial prejudice to Yodlee and is not a ground to deny relief to the millions of putative Class Members with valid claims. Plaintiffs' Amendment should be permitted.

## II.    BACKGROUND

### A.  Yodlee Collected Transaction Data from Millions of Class Members

Plaintiffs have prosecuted this case for the last five years on behalf of millions of people whose personal data was taken by Yodlee when they linked bank accounts to PayPal. Plaintiffs filed their First Amended Complaint on October 21, 2020 (ECF No. 30), a Second Amended Complaint after jurisdictional discovery on March 15, 2021 (ECF No. 58), and a Third Amended Complaint to bolster their disgorgement claims on September 19, 2023 (ECF No. 359) ("Complaint"). Each complaint alleged that Yodlee unlawfully collected personal financial data from Plaintiffs and other PayPal users, including their: (1) bank username and password ("Login Credentials"); (2) bank-account information like account number, routing number, and account balance ("Banking Data"); and (3) a copy of their recent banking transactions ("Transaction Data").

1        It is undisputed that Yodlee collected this data from millions of putative Class Members. *See* ECF

2  No. 492-42 at 2-3 (acknowledging Yodlee collected Login Credentials and Banking Data from all PayPal

3  users who linked accounts via IAV before January 2023 and Transaction Data from many such users). The

4  record shows that Yodlee collected Login Credentials and Banking Data from each Plaintiff (ECF Nos.

5  492-35, 512-5, 512-6, 514-2, 581-4) and putative Class Member, or roughly ███████████ (ECF No.

6  492-71 ¶ 7 (Supplemental Declaration of Gary Olsen)), as well as Transaction Data from ████████ of

7  those same Class Members. *Id*. ███████████████████████████████████████████████████

8  ███████████████████████████████████████████████████████████████████████

9  ███████████ *Id*. at Schedule 17-Revised.[3]

10        On June 16, 2023, Plaintiffs requested that Yodlee produce data confirming, among other things,

11  the amount of Transaction Data that it collected from each Plaintiff and Class Member. *See* Plaintiffs'

12  Requests for Production of Documents, Set Three, ECF No. 360-1 at 8-9. The Court ordered Yodlee to

13  produce this data on October 26, 2023. ECF No. 375 at 2. Specifically, the Court ordered Yodlee to

14  produce, for each account linkage during the Class Period, data fields showing, *inter alia*, whether "[b]ank

15  account transaction data [was] collected by Yodlee (Y/N)" and the "[a]mount of bank transaction data

16  collected by Yodlee (e.g., # of days)." *See* ECF Nos. 381, 380-3 (data fields (nn) and (nn.a)). Yodlee

17  pledged it would produce all responsive data relating to PayPal by January 2024 (ECF No. 392 at 8-9) and

18  would ensure its production was complete by running a "separate query" for each of the "fields and

19  subfields of data requested by Plaintiffs." ECF No. 360 at 5; *see also* ECF No. 392 at 8.

20  **B. Yodlee Claimed It Lacked Complete Records about Its Collection of Transaction Data**

21        At the conclusion of Yodlee's data-collection process, Yodlee claimed it did not possess complete

22  data showing the amount of Transaction Data it collected from Plaintiffs and Class Members because the

23  "████████" data field, which reflected the "[a]mount of bank transaction data collected by Yodlee," was

24  not available for certain portions of the Class Period. ECF No. 520-13 at '437 (Yodlee's data dictionary);

25  ECF No. 520-5 ¶¶ 8-9 (detailing Yodlee's failure to produce ████████ data for the entire Class Period).

26  Specifically, Yodlee claimed that the ████████ field was not available for individual account-linkages

27  between August 8, 2019 and December 18, 2020, which encompassed certain Plaintiff's account-linkage.

28

---

[3] *See also* YODLEE_WESCH_0825522-0825803.

*See* ECF No. 520-5 ¶¶ 8-9; ECF No. 492-35. Plaintiffs met and conferred extensively with Yodlee between January and March 2024 to discuss the gaps in its data production and whether it could produce other data, apart from ███████, showing the amount of Transaction Data it collected from Plaintiffs and Class Members. *See* ECF No. 520-5 ¶¶ 7-9. In response, Yodlee claimed that no other responsive data existed beyond ███████, and that there was no alternative data field that would show the amount of Transaction Data it collected from Plaintiffs and Class Members. *See id.* ¶ 9.

Yodlee never disclosed during these meet-and-confers, nor during the preceding four years of litigation, that there *was*, in fact, an alternative data field called "NUM_TRANS_RESP" that purportedly showed the amount Transaction Data it collected from Plaintiffs and Class Members. Yodlee withheld information about the NUM_TRANS_RESP field from its data dictionaries, discovery responses, discovery correspondence, and productions following the Court's October 2023 Order, all despite Plaintiffs' requests that it cure the gaps in the ███████ field with an alternative data field like NUM_TRANS_RESP. By failing to timely disclose the NUM_TRANS_RESP field in violation of the Court's October 2023 Order, Yodlee prevented Plaintiffs from discovering, and taking earlier action to address, Yodlee's subsequent claim that no Plaintiffs' Transaction Data was collected.

**C. Yodlee Withheld Information about Plaintiffs until the Eve of Class Certification**

Yodlee first identified the NUM_TRANS_RESP data field on May 9, 2024, four months after the close of fact discovery and just 13 days before Plaintiffs moved for class certification. *See* ECF No. 520-4 at 6-7 (explaining Yodlee first revealed the NUM_TRANS_RESP field in the First Ghode Declaration); *see also* ECF No. 520-5 ¶ 18 (explaining Yodlee served the First Ghode Declaration on May 9, 2024). Yodlee disclosed this new data field via a declaration from Yodlee employee Manoj Ghode, who claimed that the "NUM_TRANS_RESP" field reflects "the number of transactions Yodlee collected from a given PayPal IAV user," something Yodlee previously claimed that only ███████ showed. *See* First Ghode Declaration, ECF No. 514-3 ¶ 2. Applying this new information to a document that Yodlee produced a few months earlier in November 2023, Yodlee now claimed, for the first time, that the "0" in the "NUM_TRANS_RESP" column in that document showed that Yodlee did not collect Transaction Data from Plaintiff Cottrell. *Id.* Yodlee also claimed, for the first time, that it did not collect Transaction Data from Plaintiff Rollier because there was no value in the "NUM_TRANS_RESP" column in her records.

1   *See* ECF No. 581-3 at 3.

2       Plaintiffs moved to strike the First Ghode Declaration on June 26, 2024, arguing that Yodlee did

3   not timely disclose the "NUM_TRANS_RESP" in response to the Court's October 2023 Order and should

4   not be allowed to "mount one-sided challenges to Plaintiffs' Class Certification Motion" based on

5   information it selectively withheld. ECF No. 520-4 at 10-11. While the Court declined to strike the First

6   Ghode Declaration from the record, it did so without addressing Plaintiffs' arguments that Yodlee

7   improperly withheld information about its collection of Transaction Data from Plaintiffs until two weeks

8   before their class certification motion was due, thereby preventing Plaintiffs from investigating or

9   addressing this information in due course. *See* ECF No. 600 at 3 n.3 (denying motion to strike the First

10  Ghode Declaration in footnote without elaboration).

11      **D. The Court Denied Class Certification Based on Yodlee's Untimely Disclosures**

12      On May 22, 2024, Plaintiffs moved to certify a nationwide class of individuals who linked bank

13  accounts to PayPal via IAV between January 1, 2014 and August 24, 2020, with Plaintiffs Cottrell, Szeto,

14  and Rollier as Class Representatives. *See* ECF No. 492-5 at vi. Using Yodlee's own account-linking

15  records, Plaintiffs calculated that there were roughly ███████ Class Members, all of whom had their

16  Login Credentials and Banking Data collected, and ███████ of whom also had Transaction Data

17  collected. *See* ECF No. 492-71 ¶ 7 (Supplemental Declaration of Gary Olsen).

18      Yodlee opposed class certification based, in part, on its new claims about the NUM_TRANS_RESP

19  data field. *See* ECF No. 553-2 at 6 n.8. Citing this previously undisclosed field, Yodlee argued it did not

20  collect Transaction Data from the Class Representatives, which, in turn, made them atypical and inadequate

21  class representatives under Rule 23(a). *See id.* at 13. The Court denied class certification on this basis on

22  September 25, 2024. ECF No. 600 at 7-8. The Court held that because the Class Representatives did not

23  prove that their Transaction Data was collected, they were not typical or adequate class representatives

24  under Fed. R. Civ. P. 23(a) and may lack standing for certain claims related to Transaction Data. ECF No.

25  600 at 5-9. The Court did not identify any other basis to deny class certification other than the Class

26  Representatives' failure to show that Yodlee collected their Transaction Data. *Id.* As such, any of the other

27  ███████ Class Members from whom Yodlee collected Transaction Data, if added as class

28  representatives, would resolve the Court's concerns about typicality and adequacy and allow this class case

to proceed on the merits.

Two weeks after the Court denied class certification, Plaintiffs informed the Court that they planned to move to amend the Complaint to add, as plaintiffs and putative class representatives, "one or more of the ███████ putative class members whose transaction data was collected by Yodlee." ECF No. 605 at 2-6.[4] After the Court asked Plaintiffs to confirm their intentions (ECF No. 608), Plaintiffs confirmed they would move to amend the Complaint to add proposed class representatives by November 21, 2024 and would not amend any substantive allegations or claims. ECF No. 622.

**E. Plaintiffs Seek to Add Eight New Plaintiffs to Address the Court's Typicality and Adequacy Concerns**

Plaintiffs seek to amend the Complaint for the narrow purpose of adding plaintiffs whose Transaction Data was collected by Yodlee to address the Court's concerns that Transaction Data was not collected from the existing Class Representatives. Plaintiffs do not propose any other substantive changes to their claims or allegations. A copy of the proposed Fourth Amended Complaint is attached as Exhibit 1, along with a redline, Exhibit 2, showing the limited scope of Plaintiffs' proposed Amendment.

Specifically, Plaintiffs seek to add, as plaintiffs and proposed class representatives, eight putative Class Members who allege their Transaction Data was collected by Yodlee when they linked bank accounts to PayPal. The details of the Proposed Plaintiffs' alleged account-linkages are set forth below and in paragraphs 33-48 of the Amended Complaint.

| Name | Accounts Linked | Approx. Linkage Year | State |
|------|-----------------|---------------------|-------|
| Tyler Baker | New England Federal Credit Union | 2020 | VT |
| Mary Ventil | PNC Bank, Truist Bank | 2016 | FL |
| Jessica Gann | Huntington Bank | 2022 | IN |
| John Waudby | America First Credit Union, Navy Federal Credit Union | 2019-2020 | NV |
| Craig Brewster | Frankenmuth Credit Union, Independent Bank, Sutton Bank | 2019-2020 | TX |
| Chad Hohenbery | First Mid Bank and Trust | 2018 | IL |
| Jennifer Turner | Capital One, Wells Fargo | 2015-2016 | CA |
| Marcus Turner | Wells Fargo | 2017-2018 | CA |

While the Proposed Plaintiffs do not have records proving that Yodlee collected their Transaction Data, it is highly likely that Yodlee did. Each Proposed Plaintiff alleges that they linked accounts after

---

[4] The 19.5 million number in the Joint Status Report is a typographical error.

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE FOURTH AMENDED CLASS ACTION COMPLAINT– CASE NO. 3:20-cv-05991

1    Yodlee began collecting PayPal users' Transaction Data. *See* ECF No. 492-42 at 2 ███████

2    █████████████████████████). Moreover, many Proposed Plaintiffs allegedly linked

3    accounts when Yodlee collected Transaction Data from most, or a substantial percentage, of PayPal users.

4    Yodlee's data shows █████████████████████████████████████████████████

5    ████████████████████. *See* Section II.A; *see also* Ex. 1 ¶¶ 39-40, 41-44, 47-48 (alleging

6    Proposed Plaintiffs Baker, Waudby, Brewster, Hohenbery, and M. Turner linked accounts in or around

7    2018-2020). Once the Proposed Plaintiffs obtain their unique PayPal identifiers from PayPal, they will be

8    able to confirm whether Yodlee collected their Transaction Data by locating their identifiers (and their

9    corresponding records) in the class-wide account-linking data that Yodlee already produced.[5]

10           Adding the Proposed Plaintiffs will not significantly delay this case or require a meaningful re-

11   opening of fact discovery. The Proposed Plaintiffs should not need to take affirmative fact discovery from

12   Yodlee because they can use Yodlee's existing data production to confirm whether their Transaction Data

13   was collected.[6] If requested, the Proposed Plaintiffs will promptly produce all materials responsive to

14   Yodlee's prior discovery requests (to the extent not subject to a pending objection) and provide deposition

15   testimony. This streamlined process will ensure that adding the Proposed Plaintiffs will conclude no later

16   than early 2025, constituting a relatively minor postponement in this long-running litigation.

17   **III.    LEGAL STANDARD**

18           Courts must "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2).

19   Amendments should be allowed with "extreme liberality" to encourage the resolution of claims on the

20   merits, regardless of the stage of the case. *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th

---

22   [5] The class-wide account-linking records Yodlee produced contain at least ███████████████

      █████████████████████████. *Compare* ECF No. 492-35 *with* ECF No.

23   512-5  (██████ ██ ████ ███ ██ ████ ██████ ██ ████ ███ ██ ████). PayPal produced

24   these PayPal identifiers for the existing Plaintiffs. Once PayPal does so for the Proposed Plaintiffs, they
      can confirm whether Yodlee collected their Transaction Data by consulting the ████████ field that

25   corresponds with their PayPal identifiers. *See* ECF No. 520-13 at '437. The Proposed Plaintiffs will
      promptly drop their claims in the event their Transaction Data was not collected by Yodlee.

26   [6] The only exceptions would be if (1) PayPal is unable to produce a Proposed Plaintiff's unique identifiers
      for some unforeseen reason, or (2) if Yodlee's class-wide account-linking data does not reflect the amount

27   of Transaction Data it collected from a Proposed Plaintiff because, *e.g.*, their account-linkage occurred
      during the August 8, 2019-December 18, 2020 period when the ████████ field is unavailable. If either

28   exception were to occur, Yodlee could easily produce the NUM_TRANS_RESP data field for the Proposed
      Plaintiffs to confirm whether their Transaction Data was collected. *See* Sections II.B-C.

1    Cir. 2003) ("Rule 15 advises the court that 'leave shall be freely given when justice so requires.' This

2    policy is 'to be applied with extreme liberality.'"); *Foman v. Davis*, 371 U.S. 178, 182 (1962) ("Rule 15(a)

3    declares that leave to amend 'shall be freely given when justice so requires; this mandate is to be heeded.").

4    Amendments sought after the initial amendment deadline passed must also be supported by good cause

5    under Fed R. Civ. P. 16(b). *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 952 (9th Cir.

6    2006).

7    　　　Four factors govern requests for leave to amend: (1) bad faith; (2) undue delay; (3) prejudice to the

8    opposing party; and (4) futility of amendment. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th

9    Cir. 1987). "Ordinarily, leave to amend should be freely given in the absence of prejudice to the opposing

10   party." *Kenlston v. Roberts*, 717 F.2d 1295, 1300 (9th Cir. 1983) (quoting *Waits v. Weller*, 653 F.2d 1288,

11   1290 (9th Cir. 1982)). Amendments are presumptively allowed. *Eminence Capital*, 316 F.3d. at 1052

12   ("Absent prejudice, or a strong showing of any of the remaining . . . factors, there exists a presumption

13   under Rule 15(a) in favor of granting leave to amend."). The Court weighs "all inferences in favor of

14   granting [a] motion [to amend]." *Griggs v. Pace Am. Grp. Inc.*, 170 F.3d 877, 880 (9th Cir. 1999).

15   **IV.    ARGUMENT**

16   　　　Plaintiffs have good cause and satisfy the four liberal criteria for amending the Complaint. The

17   Ninth Circuit directs that "*leave to amend should be granted to add named plaintiffs*" when class

18   certification is denied based on a class representative's lack of typicality or adequacy, particularly where,

19   as here, "the record demonstrates the existence of numerous persons holding [typical and adequate]

20   claims." *Sueoka*, 101 F. App'x. at 654 (instructing district court to "grant leave to amend to identify [typical

21   and adequate] named representatives") (emphasis added); *see also Int'l Woodworkers of Am., AFL—CIO

22   v. Chesapeake Bay Plywood Corp.*, 659 F.2d 1259, 1270 (4th Cir. 1981) (similar). Indeed, courts "regularly

23   allow or order the plaintiffs' counsel to substitute a new representative plaintiff" where "a named Plaintiff's

24   individual claims fail or become moot for a reason that does not affect the viability of the class claims[.]"

25   *Robichaud v. Speedy PC Software*, No. 12-cv 04730 LB, 2013 WL 818503, at *8 (N.D. Cal. Mar. 5, 2013).

26   　　　Here, whether Class Representatives lack typicality or adequacy does not affect the viability of the

27   ▮▮▮▮▮▮ Class Members from whom Yodlee collected Transaction Data and who could properly serve

28   as class representatives. *See* Section II.A. The Court's concerns with the existing Class Representatives

should therefore be cured "by giving [P]laintiff[s] leave to amend [their] complaint to substitute [] class representative[s]" as the Ninth Circuit directs. *Cholakyan v. Mercedes-Benz USA, LLC*, 281 F.R.D. 534, 558 n.113 (C.D. Cal. 2012). Plaintiffs' request to add Proposed Plaintiffs after "the briefing on class certification revealed that [the current Class Representatives may] not [be] representative" satisfies the "good cause" standard under Fed. R. Civ. P. 16, *see Whelan v. Indus.,* No. C-11-02146 EDL, 2012 WL 12920688, at *2 (N.D. Cal. Sept. 12, 2012) (finding good cause), and meets the four criteria for amending a complaint under Fed. R. Civ. P. 15, as set forth below.

### A. Plaintiffs Seek to Amend the Complaint in Good Faith

Adding the Proposed Plaintiffs to cure the Court's typicality and adequacy concerns reflects good faith. *See Douglas v. Bank of Am., N.A.*, No. C20-0193JLR, 2020 WL 6799010, at *8 (W.D. Wash. Nov. 19, 2020) (granting motion for leave to amend complaint after denial of class certification because "the amendment is the product of Plaintiffs' good faith attempts to refine this case"); *see also Delagarza v. Tesoro Ref. & Mktg. Co.*, No. CV 09-05803 MHP, 2011 WL 1496046, at *4 (N.D. Cal. Apr. 20, 2011) (finding "no bad faith" where plaintiffs sought to add a class representative "necessary to ensure that the requirements of Rule 23 would be met"). An amendment reflects bad faith when the movant possesses a "wrongful motive" or is "merely . . . seeking to prolong the litigation by adding new but baseless legal theories." *Griggs*, 170 F.3d at 881. Absent such motives, "there is no cause to uphold the denial of leave to amend on the basis of bad faith." *DCD Programs*, 833 F.2d at 187.

Plaintiffs' request to add the Proposed Plaintiffs following the denial of class certification under Rule 23(a) lacks any wrongful motive and is the normal practice within the Ninth Circuit. "[C]ourts have consistently granted plaintiffs leave to substitute new representatives where . . . certification is denied on grounds of inadequacy[.]" *Adequacy of Representation—Substitution of Class Representative*, 1 *McLaughlin on Class Actions*, § 4.36 (21st ed.); *see also Robichaud*, 2013 WL 818503, at *8 (noting "courts regularly allow or order" the addition of "a new representative plaintiffs" when existing representatives' claims "fail or become moot"). Indeed, the Ninth Circuit affirmatively instructs that "leave to amend *should be granted* to add named plaintiffs" where, as here, issues with the original Class Representatives would otherwise preclude class certification. *Sueoka*, 101 F. App'x. at 654 (emphasis added).

Plaintiffs' Amendment thus reflects the prevailing practice in the Ninth Circuit to allow new named plaintiffs to be added via an amended complaint when class certification is denied due to lack of typicality or adequacy. *See, e.g.*, *Cabrera v. Bayer Healthcare LLC*, No. CV 2:17-08525-JAK (JPRx), 2024 WL 4228237, at *1, *5 (C.D. Cal. June 24, 2024) (granting plaintiff leave to file amended complaint to add new class representative following the denial of class certification based on lack of typicality); *McGhee v. N. Am. Bancard, LLC*, No. 17-cv-00586-AJB-KSC, 2021 WL 5763834, at *2 (S.D. Cal. Sept. 17, 2021) (same); *Wiener v. Dannon Co., Inc.*, 255 F.R.D. 658, 673 (C.D. Cal. 2009) (same); *Santos v. TWC Admin. LLC*, No. CV 13-04799 MMM (CWx), 2014 WL 12558009, at *23 n.107 (C.D. Cal. Aug. 4, 2014) (same); *Hernandez v. Balakian*, 251 F.R.D. 488, 489 (E.D. Cal. 2008) (same); *Woods v. Google LLC*, No. 11-CV-01263-EJD, 2018 WL 4030570, at *7-10 (N.D. Cal. Aug. 23, 2018) (granting leave to amend to substitute inadequate class representatives); *Nat'l Fed'n of the Blind v. Target Corp.*, 582 F. Supp. 2d 1185, 1201 (N.D. Cal. 2007) (conditionally certifying class and granting leave to amend to find a substitute class representative); *Tait v. BSH Home Appliances Corp.*, 289 F.R.D. 466, 477 (C.D. Cal. 2012) (same); *Bauman v. Saxe*, No. 14-CV-01125-RFB-PAL, 2019 WL 157923, at *7 (D. Nev. Jan. 10, 2019) (same). Nothing about Plaintiffs' request reflects bad faith.

## B. Plaintiffs' Amendment Was Not Unduly Delayed

Plaintiffs notified the Court that they would move to amend the Complaint just two weeks after the Court denied class certification and agreed to consider Yodlee's untimely disclosures, on September 25, 2024. ECF No. 605 at 6. Plaintiffs moved expeditiously over the next two months to identify the new Proposed Plaintiffs, prepare their Amended Complaint, and submit this motion without undue delay.

That this case proceeded for several years before Plaintiffs discovered the need for the Amendment is immaterial and does not evidence delay. *See Zeiger v. WellPet LLC*, No. 17-cv-04056-WHO, 2018 WL 3208160, at *3 (N.D. Cal. June 29, 2018) ("The passage of time is not, in and of itself, undue delay."). Rather, the Court must look to the amount of time between Plaintiffs' Amendment and the events that prompted it—here, merely seven weeks between the Court's denial of class certification and today. *See Jackson v. Bank of Haw.*, 902 F.2d 1385, 1388 (9th Cir. 1990) ("Relevant to evaluating the delay issue is whether the moving party knew or should have known the facts and theories raised by the amending in the [prior] pleading."). *Cave Consulting Grp., Inc. v. Truven Health Analytics Inc.*, No. 15-CV-02177-SI, 2017

WL 607602, at *4 (N.D. Cal. Feb.15, 2017) (permitting fourth amended complaint and rejecting claims of delay where amendment was prompted by "newly discovered information").

That only two months have passed since the Court's denial of class certification shows that Plaintiffs' Amendment was expedited, not delayed. Courts permit amendments to add new plaintiffs after much longer periods (e.g. three months) following the denial of class certification. *See, e.g.*, *McGhee*, 2021 WL 5763834, at *2 (finding plaintiffs timely moved to add new plaintiffs 10 months after learning of the existing plaintiffs' inadequacy and three months after class certification was denied); *contra Plascencia v. Lending 1st Mortgage,* No. C-07-4485 CW, 2012 WL 253319 (N.D. Cal. Jan. 26, 2012) (finding plaintiffs unduly delayed when they waited two years to add new plaintiffs after class certification was denied). Here, as elsewhere, "[t]wo months is a reasonable time frame in which to both investigate [the amendment] and draft a motion to amend." *Rieve v. Coventry Health Care, Inc.*, No. SACV 11-1032, 2012 WL 929737, at *3 (C.D. Cal. Mar. 19, 2012).

Plaintiffs did not have "multiple opportunities" to add the Proposed Plaintiffs earlier in the case as Yodlee has argued. *See* ECF No. 605 at 13. Yodlee first disclosed the NUM_TRANS_RESP data field, and first argued it did not collect Transaction Data from the Class Representatives, on May 9, 2024, just 13 days before Plaintiffs moved for class certification. *See* Section II.C. Before this time, Plaintiffs had no basis to add the Proposed Plaintiffs because "only later did Plaintiff[s] realize that additional named representatives would be useful," i.e., when Yodlee proffered new arguments and evidence about the Class Representatives on the eve of class certification. *See Whelan*, 2012 WL 12920688, at *2 (permitting fourth amendment, and rejecting delay arguments, when the named plaintiffs' inadequacy came to light during class certification briefing). As soon as the Court accepted Yodlee's new evidence over Plaintiffs' objections on September 25, 2024 and relied on it to find the Class Representatives were not typical and adequate (*see* ECF No. 600 at 3, 7-8), Plaintiffs diligently filed this motion to add the Proposed Plaintiffs seven weeks later. There was no undue delay.

## C. Plaintiffs' Amendment Will Not Substantially Prejudice Yodlee

Yodlee will not be substantially prejudiced by Plaintiffs' Amendment, which will not meaningfully interrupt this case or alter its merits. The only relevant difference between the existing Class Representatives and Proposed Plaintiffs is whether Yodlee collected their Transaction Data. This fact can

be confirmed, and all other discovery on the Proposed Plaintiffs can be completed, in a few months, if not a few weeks. Yodlee cannot feign prejudice based on such a marginal expansion of discovery, particularly after it was caused by Yodlee's withholding of information about the existing Class Representatives.

To preclude Plaintiffs' Amendment, Yodlee must show "'substantial' prejudice to overcome Rule 15(a)'s liberal amendment policy." *Pyara v. Sysco Corp.*, No. 2:15-cv-01208 JAM-KJN, 2016 WL 6897251, at *3 (E.D. Cal. Nov. 23, 2016); *Rieve,* 2012 WL 929737, at *2 (requiring "*substantial* prejudice or *substantial* negative effect.") (emphasis added). "Bald assertions of prejudice cannot overcome the strong policy reflected in Rule 15(a) to 'facilitate a proper disposition on the merits.'" *Cave Consulting*, 2017 WL 607602, at *3. Yodlee, as the party opposing the amendment, bears the burden of showing substantial prejudice. *DCD Programs*, 833 F.2d at 187-88.

Yodlee will not be substantially prejudiced by Plaintiffs' Amendment. The Proposed Plaintiffs have not asserted any new claims, and they will promptly sit for depositions and produce the discovery that Yodlee previously has requested (if not subject to a pending objection). Beyond this minor discovery, the Parties "would necessarily rely on the discovery and other related pre-trial work that has already been undertaken," avoiding any "substantial prejudice" to Yodlee. *Cabrera*, 2024 WL 4228237, at *5. This is because the Proposed Plaintiffs' claims are "virtually identical" to the existing Plaintiffs' claims. *Id.*

Courts agree that this limited, supplemental discovery on new class representatives does not constitute "substantial prejudice," particularly where, as here, most prior discovery would still apply, and the new plaintiffs agree to expedited discovery procedures. *See Whelan*, 2012 WL 12920688, at *4 (no substantial prejudice despite "some limited additional discovery" because defendants will not have "to start discovery all over again," and new plaintiffs would sit for deposition "within thirty days."); *McGhee*, 2021 WL 5763834, at *3 (no substantial prejudice where additional discovery "will be minimal" and the new plaintiffs' claims are "based on the same conduct" as prior plaintiffs); *Tavakolian v. Great Am. Life Ins. Co.*, No. 20-CV-01133-SPG, 2023 WL 8126867, at *7 (C.D. Cal. June 12, 2023) (no substantial prejudice where "the discovery produced and propounded to date was general and applicable to the class" and new plaintiffs agreed to "expedited discovery"); *Cabrera*, 2024 WL 4228237, at *5 (no substantial prejudice where new plaintiffs, added six years into case, could largely rely on prior discovery); *Patton v. Experian Data Corp.*, No. SACV 17-01559-JVS(DFMx), 2019 WL 13034866, at *6 (C.D. Cal. Jan. 22, 2019) (no

prejudice where new plaintiffs "do not seek to add, change, or alter any causes of action or theories" and only sought a "short extension" of discovery); *Fife v. Sci. Games Corp.,* No. 2:18-CV-00565-RBL, 2020 WL 4933959, at *3 (W.D. Wash. Aug. 24, 2020) (explaining any "prejudice is fairly limited" despite the need for "additional discovery").

In sum, adding the Proposed Plaintiffs will require, at most, a short period of supplemental discovery to confirm basic facts about them. After five years of resource-intensive litigation, a marginal postponement of the case to address Yodlee's belated disclosures about the Class Representatives will not cause Yodlee substantial prejudice. *See Avaya v. Pearce*, No. 19-CV-00565-SI, 2021 WL 366916, at *2 (N.D. Cal. Feb. 3, 2021) ("'[The] mere prospect of additional discovery is insufficient' to demonstrate prejudice."); *Genentech, Inc. v. Abbott Lab'ys*, 127 F.R.D. 529, 531 (N.D. Cal. 1989) (finding that the need for additional discovery does not establish undue prejudice); *Fife*, 2020 WL 4933959, at *3 (same).

### D. Plaintiffs' Amendment Is Not Futile

An amended pleading is futile "only if no set of facts can be proved . . . that would constitute a valid and sufficient claim or defense." *Walker v. Life Ins. Co. of Sw.*, No. CV1009198JVSRNBX, 2018 WL 6133634, at *6 (C.D. Cal. June 15, 2018); *Hip Hop Beverage Corp. v. RIC Representacoes Importacao E Comercio LTDA*, 220 F.R.D. 614, 622 (2013) (an amendment is futile "only if it would clearly be subject to dismissal"); *Cave Consulting*, 2017 WL 607602, at *2 (The test for futility is "identical to the one used when considering the sufficiency of a pleading challenged under Rule 12(b)(6)."). "The showing of futility must be 'strong' to warrant a departure from the liberal application of Rule 15(a)." *Pyara*, 2016 WL 6897251, at *3 (internal citation omitted).

Plaintiffs' Amendment would not be futile, as the Proposed Plaintiffs do not assert any new claims beyond what the Court has already upheld. *See* ECF No. 266 (denying summary judgment on Plaintiffs' invasion of privacy, unjust enrichment, and CAPA claims). Yodlee thus would have no basis to seek to dismiss the Proposed Plaintiffs' claims without relitigating arguments it has already lost. *See McGhee*, 2021 WL 5763834, at *3 (rejecting futility claims where the new plaintiff's claims mirrored the "existing claims for relief"); *Jordan v. Paul Fin., LLC*, 644 F. Supp. 2d 1156, 1176 (N.D. Cal. 2009) (finding no futility where new plaintiff would "make the same claims" as the existing plaintiff); *Sueoka*, 101 F. App'x. at 654 ("[G]ranting leave to amend the complaint to name [new class] representatives . . . would not have

1    been a futile act.").

2    Yodlee also has argued, incorrectly, that the Ninth Circuit's decision in *Lierboe v. State Farm Mut.*

3    *Auto. Ins. Co*., 350 F.3d 1018, 1022 (9th Cir. 2003) precludes Plaintiffs' Amendment. *See* ECF No. 605 at

4    11. Not so. *Lierboe* bars amendments only when a court determines that no plaintiff had standing for a

5    single claim at any time, such that the court never had jurisdiction in the first place. *See Stanton v. Aetna*

6    *Life & Cas. Bermuda Ltd*., No. 18-cv-08937-CJCAFMX, 2021 WL 4146964, at *3 n.2 (C.D. Cal. Feb. 12,

7    2021) (distinguishing *Lierboe*, holding it applies only where "no plaintiff had standing to pursue any

8    claim."); *Hajro v. United States Citizenship & Immigr. Servs*., 743 Fed. Appx. 148, 150 (9th Cir. 2018)

9    (holding district court "erred" when it relied on *Lierboe* to reject amendment where at least one plaintiff

10    had standing); *Cabrera*, 2024 WL 4228237, at *4 (finding *Lierboe* inapplicable when the court "did not

11    conclusively determine that [p]laintiff had, in fact, suffered no injury" for all claims).

12    *Lierboe* does not bar Plaintiffs' Amendment because standing is not lacking for all Plaintiffs and

13    all claims. Regardless of their typicality and adequacy under Rule 23(a), Plaintiffs have standing for their

14    individual claims related to Login Credentials and Banking Data, as well as for injunctive relief. ECF No.

15    605 at 1-2. Moreover, Yodlee does not contest the standing of former Plaintiffs Wesch, William Cottrell,

16    Ryan Hamre, Greg Hertik, and Daisy Hodson, whose claims further bar *Lierboe's* application. *See Hensley-*

17    *Maclean v. Safeway, Inc*., No. 11-CV-01230-RS, 2015 WL 3956099, at *5 (N.D. Cal. June 29, 2015)

18    (finding *Lierboe* inapplicable and permitting amendment when a prior party's standing meant jurisdiction

19    was "properly invoked" during the case); *Cabrera*, 2024 WL 4228237, at *4 (same). In short, the Court

20    retains jurisdiction on several grounds and may freely grant leave to amend. Plaintiffs' Amendment is not

21    futile.

## CONCLUSION

23    For the foregoing reasons, Plaintiffs' Motion for Leave to File the Fourth Amended Class Action

24    Complaint should be granted.

26    Dated: November 21, 2024

/s/ Christian Levis
Christian Levis (admitted *pro hac vice*)
Margaret MacLean (admitted *pro hac vice*)
Amanda Fiorilla (admitted *pro hac vice*)
**LOWEY DANNENBERG, P.C.**
44 South Broadway, Suite 1100

14

White Plains, New York 10601
Telephone: (914) 997-0500
Facsimile: (914) 997-0035
clevis@lowey.com
mmaclean@lowey.com
afiorilla@lowey.com

Anthony M. Christina (admitted *pro hac vice*)
**LOWEY DANNENBERG, P.C.**
One Tower Bridge
100 Front Street, Suite 520
West Conshohocken, Pennsylvania 19428
Telephone: (215) 399-4770
Facsimile: (914) 997-0035
achristina@lowey.com

Benjamin Steinberg (admitted *pro hac vice*)
**SHINDER CANTOR LERNER LLP**
14 Penn Plaza, 19th Floor
New York, NY 10122
Telephone: (646) 960-8601
Facsimile: (646) 960-8625
benjamin@scl-llp.com

John Emerson (admitted *pro hac vice*)
**EMERSON FIRM, PLLC**
2500 Wilcrest Drive, Suite 300
Houston, TX 77042
Telephone: (800) 551-8649
Facsimile: (501) 286-4659
jemerson@emersonfirm.com

Robert Kitchenoff (admitted *pro hac vice*)
**WEINSTEIN KITCHENOFF & ASHER LLC**
150 Monument Road, Suite 107
Bala Cynwyd, PA 19004
Telephone: (215) 545-7200
kitchenoff@wka-law.com

Michele Carino (*pro hac vice* forthcoming)
**GREENWICH LEGAL ASSOCIATES LLC**
881 Lake Avenue
Greenwich, CT 06831
Telephone: (203) 622-6001
Mcarino@grwlegal.com

*Attorneys for Plaintiffs and the Proposed Classes*