UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARIUS CLARK, et al.,<br><br>        Plaintiffs,<br><br>    v.<br><br>YODLEE, INC.,<br><br>        Defendant. | Case No. 20-cv-05991-SK<br><br>**NOTICE OF QUESTIONS FOR HEARING** |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING QUESTIONS FOR THE HEARING SCHEDULED ON DECEMBER 16, 2024 AT 9:30 A.M.  The Court intends to address the questions below at the hearing.  The Court advises the parties that it will not accept written answers to the questions.

The parties shall be prepared to address the following questions at the hearing:

(1) Plaintiffs point to evidence that Yodlee examined decrypted IAV data from PayPal for quality control purposes.  (Dkt. No. 492-40 at Yodlee_Wesch_0213050-51.)  Is there any evidence that Yodlee benefited financially from doing quality control?  If so, what specific evidence is there in the record?

(2) On what other specific evidence in the record do Plaintiffs rely to show that Yodlee was unjustly enriched by the data it collected from Cotrell, Rollier, or Szeto?

(3) Do Plaintiffs have any evidence that Yodlee did a balance refresh of Cotrell, Rollier, or Szeto's accounts?  If so, on what specific evidence in the record do Plaintiffs rely?

(4) Plaintiffs point to Docket Numbers 512-5 and 514-2 to show that Yodlee collected and stored Rollier's and Cottrell's bank account numbers.

    a.    Does that document also show that Yodlee collected and stored Rollier's

and Cottrell's banking passwords as well? If so, where on that document does it show this?

    b.    If not, on what specific evidence is there in the record to show that Yodlee collected and stored Rollier's and Cottrell's banking passwords?

(5) If the Court finds that there is a question of fact regarding whether Yodlee's retention of Cotrell's, Rollier's, or Szeto's bank credentialing information and password was an invasion of privacy, why or why not would an intangible infringement on their privacy interests be sufficient to show standing for their privacy claim?

(6) In determining whether to apply California or another state's law, "California recognizes that with respect to regulating or affecting conduct within its borders, the place of the wrong has the predominant interest." *Mazza v. Am. Honda Motor Co.*, 666 F.3d 581, 593 (9th Cir. 2012) (quotation marks and citation omitted). "California considers the "place of the wrong" to be the state where the last event necessary to make the actor liable occurred." *Id*. For Plaintiffs' invasion of privacy claim, why is the last event necessary to make Yodlee potentially liable not Yodlee's conduct from California? On what evidence in the record do the parties rely for support of their respective positions?

**IT IS SO ORDERED**.

Dated: December 10, 2024



SALLIE KIM
United States Magistrate Judge